(No. 78408.—

CARL E. BRANSON, Appellant, v. THE DEPART-
MENT OF REVENUE, Appellee.

*Opinion filed November 30, 1995.*

BILANDIC, C.J., and HARRISON, J., took no part.

William P. Gavin, of Brown & Gavin, of Belleville, for appellant.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

In this appeal we are asked to decide whether a notice of tax penalty liability and the certified record of the Department of Revenue (Department) are sufficient to establish a *prima facie* case of willful failure to pay retailers' occupation taxes pursuant to section $13^1/2$ of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1991, ch. 120, par. $452^1/2$ (repealed effective January 1, 1994; replacement provision enacted as section 3—7 of the Uniform Penalty and Interest Act, 35 ILCS 735/3—7)).

Following an administrative hearing, the Department confirmed a tax penalty against plaintiff, Carl E.

Branson, for willful failure to remit retailers' occupation taxes collected by the restaurant he operated. The circuit court reversed, holding that the record was devoid of proof that plaintiff's failure to remit the taxes was willful. The appellate court affirmed in part and reversed in part, holding that while the Department's records established a *prima facie* tax penalty claim, plaintiff successfully rebutted the Department's case for tax liability for certain months of the period in issue. (268 Ill. App. 3d 818.) Plaintiff subsequently petitioned this court for leave to appeal, arguing that the Fourth District's ruling in the case at bar conflicts with that of the First District in *Griffith v. Department of Revenue* (1994), 266 Ill. App. 3d 838. *Griffith* held that a *prima facie* case against an individual for willful failure to pay retailers' occupation taxes requires affirmative evidence of willfulness apart from or in addition to the Department's notice of penalty liability and certified record. We granted plaintiff's petition for leave to appeal (145 Ill. 2d R. 315).

## BACKGROUND

In July 1989 the Department issued a notice of penalty liability to plaintiff, the sole shareholder, officer, and director of Carbon, Inc., an Illinois corporation. Carbon, Inc., operated Branson's Family Restaurant in Carbondale, Illinois, from late 1985 until it discontinued doing business in January 1987. The corporation had collected the taxes from its customers but failed to remit the collected taxes to the State. The amount of tax penalty assessed against plaintiff was $26,372.11, representing the company's unpaid retailers' occupation taxes due under the Act for the last eight months of the company's operation, June 1986 through January 1987, plus interest and penalties collectable under section 13$^{1}/_{2}$. Plaintiff protested the notice of penalty liability and in April 1991 the Department held

an administrative hearing regarding the penalty assessment.

At the hearing, the Department introduced certain documents along with the Director's certification of records. These documents, which were offered as *prima facie* evidence of the correctness of the tax penalty, included: a copy of the notice of penalty liability, the Director's signed form certifying the records; plaintiff's letter protesting the notice of penalty liability, a discontinuation of tax form for Carbon, Inc., signed by plaintiff; and an "Illinois business taxpayer application for registration" form for the restaurant owned by Carbon, Inc.

Plaintiff moved to dismiss the Department's claim on the ground that the certified record did not establish a *prima facie* case for the tax penalty because proof of the essential element of willfulness was lacking. Without evidence of willfulness attributable to him, plaintiff argued, he could not be held personally liable for the unpaid corporate taxes. The administrative law judge denied plaintiff's motion to dismiss but remarked that her denial of the motion did not mean she was not cognizant of "the weakness of the Department's case."

Thereafter, plaintiff presented documentary evidence and testimony to support the defense that his failure to remit the taxes was not willful. This evidence may be summarized as follows. Plaintiff, who was in charge of the day-to-day operations of the restaurant, knew he had an obligation to file monthly retailers' occupation tax returns and remit the collected taxes from his customers. In late 1985, plaintiff hired a bookkeeper, Marion Comp, to keep the books and financial records of Carbon, Inc., the entity operating Branson's Family Restaurant. As part of her employment duties Comp sent the restaurant's daily receipts to an accounting firm. That firm prepared the retailers' occupation tax

returns for Carbon, Inc., and sent them to Comp. She presented the returns to Branson for his signature. Comp wrote the checks representing the collected retailers' occupation taxes and remitted the checks, along with the tax returns, to the Department of Revenue.

The restaurant, which was located near Southern Illinois University, suffered cash flow problems during the summer of 1986 when the large student population staying on campus dwindled. In the fall, however, the situation seemingly improved. In December 1986, while Comp was on vacation, plaintiff took over the responsibility of paying the daily bills out of Carbon, Inc.'s checkbook. At that time the ledger indicated a positive balance. However, a bank official notified plaintiff in December 1986 that Carbon, Inc.'s checking account was overdrawn. At this same time some of the restaurant's suppliers began to complain that Carbon, Inc.'s payment checks were being returned for lack of sufficient funds. Plaintiff then discovered a drawer full of unpaid bills. He learned that the restaurant's rent had not been paid for three months. Plaintiff testified that he did not look for or find unfiled retailers' occupation tax returns or other evidence that taxes had not been paid. Carbon, Inc., functioned for a short time thereafter. Plaintiff paid suppliers of Carbon, Inc., on a cash basis after learning that the corporate account was overdrawn. He used personal funds to insure that the employees were paid. According to plaintiff, when the restaurant ceased doing business, on January 25, 1987, plaintiff did not know that there existed an outstanding retailers' occupation tax liability for the eight-month period spanning June 1986 through January 1987. An agent of the Department of Revenue informed plaintiff of the tax deficiency. Plaintiff testified that until the time the agent spoke to him he believed that the taxes had been paid. Plaintiff testified that he never intended to prefer any creditors over the State.

The administrative law judge who presided at the hearing before the Department of Revenue concluded that there was sufficient evidence in the record to demonstrate that, "based upon the relatively liberal construction of wilful as interpreted by the [c]ourts of Illinois," plaintiff had voluntarily or intentionally violated his duty to remit the retailers' occupation taxes. The Director accepted the administrative law judge's recommended disposition and finalized the tax penalty. Subsequently, plaintiff filed a timely complaint for administrative review in the circuit court.

The circuit court entered an order setting aside the Department's decision on the ground that it was against the manifest weight of the evidence. The court's order stated that the Department's certified evidence, "although flimsy," was sufficient to prove the amount of liability for unpaid taxes but was not sufficient to show that plaintiff "acted in a wilful manner." The court held that the "record is void of any testimony or documentary evidence" to establish plaintiff's willful failure to pay.

The Department appealed the ruling of the circuit court to the appellate court, which affirmed in part and reversed in part. (268 Ill. App. 3d 818.) The appellate court held that the Department's record established a *prima facie* case supporting the section 13½ tax penalty. However, the court further held that plaintiff had successfully rebutted the inference of willful refusal to remit taxes for certain months of the period in question, *i.e.*, the months before plaintiff took over the daily bookkeeping duties and began to pay creditors cash out of the restaurant's proceeds. Accordingly, the appellate court remanded for a recomputation of the sums due for the periods corresponding to plaintiff's liability.

## ANALYSIS

At the outset we consider the proper standard of judicial review to be applied to the decision of the

Department in the case at bar. Interpretation of a statute is a question of law; in cases involving an agency's interpretation of a statute which the agency is charged with administering, the agency's interpretation is considered relevant but not binding on the court. (See *Van's Material Co. v. Department of Revenue* (1989), 131 Ill. 2d 196, 202-03; *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 361; see also *Mellon Bank, N.A. v. Midwest Bank & Trust Co.* (1993), 265 Ill. App. 3d 859, 867-68 (applying *de novo* review to interpretation of provision in mortgage foreclosure statute).) If the language of the statute in issue is clear and unambiguous, the court must interpret the statute according to its terms without resorting to aids of construction. *Heck v. Central Illinois Light Co.* (1992), 152 Ill. 2d 401, 406.

The central issue raised in this appeal is the proper construction of section 13$^1$/$_2$ of the Act, a question of law for our *de novo* review. Section 13$^1$/$_2$ permits the Department to assess a tax penalty against certain individuals for a retail corporation's unpaid retailers' occupation taxes. Personal liability, which survives the dissolution of the corporation, may be imposed only upon corporate officers or employees who are responsible for the filing of retailers' occupation tax returns and the payment of taxes due, and who have willfully failed to file such returns or remit such taxes. (Ill. Rev. Stat. 1991, ch. 120, par. 452$^1$/$_2$.) Although the term "wilful failure" is undefined in section 13$^1$/$_2$ of the Act, this court previously has referred to the interpretation of similar language in section 6672 of the Internal Revenue Code of 1954 (26 U.S.C. § 6672 (1988)), which imposes personal liability on corporate officers who willfully fail to collect, account for, or pay over employees' social security and Federal income withholding taxes. (*Department of Revenue v. Heartland Investments, Inc.*

(1985), 106 Ill. 2d 19; *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568.) As this court observed in *Heartland,* "[W]ilful failure to pay taxes has generally been defined as involving intentional, knowing and voluntary acts or, alternatively, reckless disregard for obvious or known risks. [Citations.] *** [These Federal cases] find that, in a civil action, wilful conduct does not require bad purpose or intent to defraud the government." *Heartland,* 106 Ill. 2d at 29-30. See also *Ruth v. United States* (7th Cir. 1987), 823 F.2d 1091, 1094-95 (willfulness may be established by a showing of "gross negligence involving a known risk of violation," as where a responsible party clearly ought to have known of a "grave risk of nonpayment" and who is in a position to easily find out, but does nothing).

In *Heartland,* this court held that the willful-failure-to-pay requirement was met by evidence that the retailers' occupation taxes collected were knowingly used to pay corporate creditors other than the Department of Revenue. In *Joseph Bublick & Sons, Inc.,* this court upheld a finding of willfulness where the officer responsible for filing returns and remitting taxes arbitrarily instructed his bookkeeper to report only 50% of the gross receipts, based on his judgment that the balance of sales were nontaxable resales. See also *Department of Revenue v. Roman S. Dombrowski Enterprises, Inc.* (1990), 202 Ill. App. 3d 1050 (penalty upheld against officer of small corporation who had a substantial role in the preparation of the retailers' occupation tax returns and payment of taxes and who failed to make a substantial number of tax payments during period in issue); *cf. People ex rel. Department of Revenue v. National Liquors Empire, Inc.* (1987), 157 Ill. App. 3d 434 (evidence of willfulness insufficient where corporate officer did not instruct bookkeeper to underreport sales and officer did not consciously choose to pay other creditors before the

Department); *Department of Revenue v. Marion Sopko, Inc.* (1980), 84 Ill. App. 3d 953 (evidence of willfulness insufficient where corporate officer directed accountant to pay taxes stated in notice of deficiency and was not aware that accountant had underreported sales receipts).

Plaintiff argues that section 13$^1$/$_2$ requires the Department to affirmatively establish that plaintiff's failure to pay the taxes was willful and does not require plaintiff to disprove willfulness. Plaintiff contends that because the Department's certified record of tax penalty contained no evidence of plaintiff's willful failure to comply with the Act, the Department failed to prove a critical element of its case for a tax penalty.

In pertinent part, section 13$^1$/$_2$ provides:

"Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who wilfully fails to file such return or to make such payment to the Department or willfully attempts in any other manner to evade or defeat the tax shall be personally liable for a penalty equal to the total amount of tax unpaid by the corporation, including interest and penalties thereon[.] The Department shall determine a penalty due under this Section according to its best judgment and information, and such determination shall be prima facie correct and shall be prima facie evidence of a penalty due under this Section. *Proof of such determination by the Department shall be made at any hearing before it or in any legal proceeding by reproduced copy of the Department's record relating thereto in the name of the Department under the certificate of the Director of Revenue. Such reproduced copy shall, without further proof, be admitted into evidence before the Department or any legal proceeding and shall be prima facie proof of the correctness of the penalty due, as shown thereon.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 120, par. 452$^1$/$_2$.

With respect to the application of section $13^1/2$, plaintiff contends that the appellate court in the case at bar erred in ruling that the Department's record constituted *prima facie* proof of all elements, including willfulness, of the tax penalty. In contrast, the First District in *Griffith* held that the Department's certified record only constitutes *prima facie* proof of the *amount* of the penalty assessed by the Department. *Griffith* reasoned that the element of willful failure to file the returns or pay the taxes must be established by evidence independent of the Department's certified record pertaining to its penalty assessment. According to plaintiff, the *Griffith* court's construction of section $13^1/2$ is preferable and should be approved by this court. If the reasoning of the appellate court in the case at bar is adopted, plaintiff argues, willfulness will be found automatically every time the Department's records showed a tax deficiency, regardless of the circumstances. Plaintiff contends that if a corporate officer or employee is held personally liable based on nothing more than the Department's record of unpaid corporate retailers' occupation taxes and attendant interest and penalties, the "wilful" element of section $13^1/2$ is rendered superfluous.

We disagree. The terms of the statute are not ambiguous. Section $13^1/2$ provides the procedure by which the Department may establish personal liability against the individual who is legally obligated under the Act to file the corporation's retailers' occupation tax returns and pay the taxes. If the Department determines that such responsible corporate officer or employee has willfully failed to comply with the Act, the Department may determine a penalty due according to its "best judgment and information." Such determination "shall be prima facie correct and prima facie evidence of a penalty due under this Section." If the person named in the no-

tice of tax penalty liability protests, and a hearing is held, the Department is entitled to rely on its certified record relating to the tax penalty liability to establish *prima facie* proof of the correctness of the penalty due. Under the plain terms of section 13½, nothing more is needed to prove the Department's claim for a tax penalty against the corporate officer or employee.

It is improper for a court to depart from the plain terms of a statute to read in a condition that would conflict with or defeat the meaning and intent of the provision in issue. (See, *e.g.*, *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194 (essential rule of statutory construction is to ascertain and give effect to the true intent of the legislature).) This court has stated, "[I]n construing statutes relating to the collection of taxes, the policy of this court has been to give them a common sense meaning so as to avoid making collection difficult or impossible." (*Joseph Bublick & Sons, Inc.*, 68 Ill. 2d at 575.) In *Joseph Bublick & Sons, Inc.*, this court considered the statutory purpose underlying the imposition of personal liability upon certain officers or employees for unpaid corporate retailers' occupation taxes:

> "In dealing with this issue we must not be unmindful of realities. Here the corporation collects the retailers' occupation tax from its customers at the time of its sale. The retailer corporation having collected the money, the customary procedure would be to account for and make payment to the Department of Revenue.
>
> The reason for passing on the tax liability to the responsible officers is obvious. The corporate officers could employ the funds collected for the State to pay corporate obligations as well as salaries and bonuses to employees, and thus make recovery of the funds from a defunct corporation an impossibility. There, of course, has to be some responsibility for the stewardship of the funds collected from the public for the State." *Joseph Bublick & Sons, Inc.*, 68 Ill. 2d at 575-76.

In the case at bar it is undisputed that plaintiff is a "responsible officer" who was obligated by law to cause the filing of the returns and the payment of the retailers' occupation taxes. As such, plaintiff was a steward of the collected retailers' occupation taxes that customers of the restaurant paid at point of sale. (*Joseph Bublick & Sons, Inc.,* 68 Ill. 2d 568.) Under Illinois law, if a responsible officer uses collected retailers' occupation taxes to pay other creditors of the corporation, while knowing that he or she was obligated to file the returns and remit the taxes, the willful element of section $13^{1}/2$ is satisfied. (*E.g., Heartland,* 106 Ill. 2d 19.) Notwithstanding these principles, plaintiff contends that he did not have actual knowledge that the taxes in issue had not been paid until after the corporation ceased doing business, in January 1987. Because the Department's certified record contains no evidence that his failure to file the returns and remit the taxes was willful, he argues, the tax penalty must be reversed as a matter of law. Plaintiff claims that it would be an unfair and incorrect interpretation of the statute to allow proof of the willfulness element of the penalty to be based upon the Department's certified record of tax penalty liability, without more. Therefore, plaintiff argues, section $13^{1}/2$ must be construed as requiring the Department to produce affirmative evidence of willfulness as part of its *prima facie* case. In order to do so, plaintiff suggests, the Department must undertake discovery of the reasons behind the corporate officer's failure to file the tax returns and pay the taxes.

We reject plaintiff's proposed interpretation of section $13^{1}/2$. Under plaintiff's reasoning, the individual charged by law with remitting the corporation's collected retailers' occupation taxes would bear no obligation to justify his or her failure to comply with the law unless the Department could first demonstrate the

individual's subjective reasons for not filing returns and remitting taxes. The Department would be required to undertake the burden of formal discovery in an attempt to ascertain the specific reasons why, in every case in which retailers' occupation taxes were not paid, the officer or employee charged with filing the tax returns and paying the taxes on behalf of the corporation failed to do so. Such a burdensome, expensive, and time-consuming approach, we believe, would seriously undermine the ability of the Department to insure retailers' voluntary compliance with the Act and to acquire retailers' occupation tax revenues from the entities and individuals who are legally obligated to collect and account for such taxes. This in turn would contravene the unambiguous legislative intent reflected in section $13^1/_2$, which is to allow the Department's determination of penalty liability and certified record to stand as *prima facie* "proof of the correctness of the penalty due, as shown thereon." Nothing in the quoted phrase limits the presumption of correctness to the computation of the amount due. On the contrary, the use of the term "penalty" in section $13^1/_2$ is predicated on the existence of willful failure to file returns and pay taxes on the part of the officer or employee responsible for doing so. Therefore, by operation of the statute, proof of the correctness of such penalty, including the willfulness element, is established by the Department's penalty assessment and certified record relating thereto. If the taxpayer offers no countervailing evidence, the Department's *prima facie* case stands unrebutted and becomes conclusive. However, if the taxpayer presents evidence of lack of willfulness, the trier of fact must determine whether such evidence overcomes the Department's case for a tax penalty. (*Joseph Bublick & Sons, Inc.*, 68 Ill. 2d at 577; see also *Department of Revenue ex rel. People v. Corrosion Systems, Inc.* (1989), 185 Ill. App. 3d 580

(reversing summary judgment entered in favor of Department where there existed an actual dispute as to whether retailers' occupation taxes were due and whether responsible corporate officer should have known the sales in question were not exempt).) Judicial review of the administrative decision is provided in accordance with the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)).

After the Department presents a *prima facie* claim for tax penalty liability, our construction of section 13$^{1}$/$_{2}$ places the burden on the taxpayer to establish that one or more of the elements of the penalty are lacking. (See *Diogenes v. Department of Finance* (1941), 377 Ill. 15 (in review of Department's assessment of retailers' occupation taxes and penalties, court held that taxpayer's return, as amended by the Department to include penalties for late filing, was *prima facie* correct and the burden was on the taxpayer to establish that his returns had been timely filed); see also *Swain Nelson & Sons Co. v. Department of Finance* (1937), 365 Ill. 401 (burden is on objecting party to show invalidity of a tax, presumption being that it was legally levied and assessed).) Additional support for our reasoning may be found in the Federal cases which construe and apply statutory tax penalties for a responsible party's willful failure to remit employees' social security and Federal income withholding taxes. (See, *e.g., Ruth v. United States* (7th Cir. 1987), 823 F.2d 1091; *Psaty v. United States* (3d Cir. 1971), 442 F.2d 1154, 1159-60; *Carter v. United States* (S.D.N.Y. 1989), 717 F. Supp. 188, 191.) In *Psaty* the court held that the government's *prima facie* case against the taxpayer was established by offering into evidence a certification of the Commissioner of Internal Revenue Service's penalty assessment. Such evidence of penalty liability was held presumptively correct; the burden then shifted to the taxpayer to overcome the

presumption through sufficient evidence that the taxpayer's actions were not willful or that the person charged was not the responsible corporate employee or officer. (Accord *Carter*, 717 F. Supp. 188; *Ruth*, 823 F.2d 1091.) On the issue of allocating the burden of producing evidence and of persuading the fact finder, the Seventh Circuit has declared, "We agree with the many courts that have held that once the government presents an assessment of liability, the taxpayer bears the burdens of production and persuasion." *Ruth*, 823 F.2d at 1093.

We conclude that under section $13^1/_2$ of the Act, the Department's establishment of a *prima facie* case for a tax penalty operates, in effect, as a rebuttable presumption of willfulness. In addition to establishing the amount of penalty due and the person responsible for paying the taxes, the Department's *prima facie* case for a tax penalty presumes willfulness. To rebut the presumption, the person defending against the penalty must adduce sufficient evidence to disprove willful failure to file returns and pay taxes. This is neither unfair nor unduly burdensome to the taxpayer because it is the individual responsible for paying the collected taxes and filing the returns, not the Department, who has access to the information regarding why the returns were not filed and the taxes not paid.

In the case at bar, we hold that the Department satisfied the requisites of section $13^1/_2$ and therefore established a *prima facie* case against plaintiff for the tax penalty based on plaintiff's willful failure to comply with the Act. Accordingly, the administrative law judge correctly declined to grant plaintiff's motion to dismiss the Department's case following the admission of its certified record. To overcome the Department's case and disprove the tax penalty, plaintiff was accorded the opportunity to present proof that his failure to file returns

and pay taxes was not willful. The circuit court reversed the entire penalty as being against the manifest weight of the evidence on the element of willfulness. However, the circuit court's judgment was based on its erroneous interpretation of the proof of willfulness required under section 13$^1$/$_2$ of the Act. The appellate court correctly interpreted section 13$^1$/$_2$ and reversed, in part, the circuit court's judgment by holding that only a portion of the penalty assessment was against the manifest weight of the evidence. The remaining issue for us to resolve is whether the appellate court was correct in ruling that plaintiff's evidence in rebuttal of the Department's *prima facie* case for tax penalty liability was sufficient to overcome the presumption of willfulness.

In reviewing the evidence presented at the hearing, the appellate court concluded that the Department had carried its burden of persuasion with respect to a portion of the time period in question but that plaintiff had adequately rebutted the remainder of the Department's claim. The appellate court found that for the several months prior to December 1986, plaintiff was in fact unaware that his bookkeeper had not been fulfilling her duties, which included the filing of the returns and payment of the taxes. According to the appellate court, evidence was lacking that plaintiff knew or should have known during the months before December 1986 that the retailers' occupation taxes were not being properly accounted for and remitted to the State. Although the appellate court observed that plaintiff might have been able to ascertain that the taxes were not being paid before December 1986, the court observed that "no finding was made in this regard, and [plaintiff's] reliance on the system in place for paying taxes appears reasonable." (268 Ill. App. 3d at 827.) Based on these circumstances, the appellate court held that proof of plaintiff's

willful failure to comply with the Act was not established for the time period from June 1, 1986, to the end of October 1986.

The appellate court further concluded that when plaintiff took over the bookkeeping and bill-paying duties, in early December 1986, plaintiff assumed sole responsibility for filing the monthly tax returns and paying the taxes from that point on. Because the November 1986 taxes were due in December 1986, the appellate court held plaintiff responsible for the November retailers' occupation taxes also. The appellate court's ruling was based on the evidence that by early December 1986, when plaintiff learned that the corporate account was overdrawn and unpaid bills were piling up, plaintiff was on notice that the corporation's finances were seriously compromised. Plaintiff had a concomitant obligation to insure that the retailers' occupation tax returns were filed and the taxes remitted from that time forward, as he wound down the business. Accordingly, the appellate court held that plaintiff was liable for the November 1986 retailers' occupation taxes, which came due in December, plus the taxes due for the remaining two months during which the restaurant did business. Therefore, the appellate court reversed the circuit court's holding that plaintiff was not liable for any tax penalty for the entire period in issue and remanded for a recalculation of the reduced amount due.

To properly analyze the appellate court's ruling, we again consider the proper scope of judicial review on appeal from administrative agency decisions. This court has observed that under the Administrative Review Law the permissible scope of judicial inquiry into a factual determination by the agency is limited to considering whether the agency's findings are against the manifest weight of the evidence. (*E.g., Basketfield v. Police Board*

(1974), 56 Ill. 2d 351, 358-59.) Such determination calls for substantial deference to the fact finder, who has the superior ability to assess the credibility of witnesses. As noted previously, issues of law are reviewed under a *de novo* standard which affords little or no deference to the decisionmaker's ruling. However, the scope of judicial review does not always fit neatly into the fact/law dichotomy when the issue under review presents a mixed question of fact and law. Accurately characterizing a particular issue as one of fact, law, or as a mixed question of fact and law is important because such characterization bears directly upon the degree of deference given to the trier of fact, which in turn governs the scope of appellate review. See generally O'Neill & Brody, *Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341*, 83 Ill. B.J. 512 (1995).

In the case at bar, the issue of plaintiff's willful failure to pay the taxes in the instant case may appear to be primarily factual, in that it requires review of the evidentiary facts regarding plaintiff's conduct. Nevertheless, to the extent the willfulness element of the tax penalty is a term of art, or constitutes a legal conclusion, the exact characterization of willfulness might be viewed more precisely as a mixed question of fact and law. We note that the administrative law judge listed specific facts on which she found that there was "sufficient evidence in the record to demonstrate that [plaintiff] was wilful" in that plaintiff "voluntarily or intentionally violated his duty to remit sales tax." However, the administrative law judge further stated that her finding of willfulness was "[b]ased upon the relatively liberal construction of wilful as interpreted by the [c]ourts of Illinois." The latter statement supports an inference that the willfulness inquiry is a mixed fact/law issue. If so, the scope of judicial deference to the agency's determination of willfulness is not identical to that given either a pure issue of fact or a pure issue

of law. (See O'Neill & Brody, 83 Ill. B.J. at 518 (citing the "arising out of and in the course of employment" language in workers' compensation cases as example of mixed fact and law issue); see also *Orland Fire Protection District v. Intrastate Piping & Controls, Inc.* (1994), 266 Ill. App. 3d 744, 749 (recognizing mixed question of law and fact regarding application of facts to legal construction of written instrument).) However, the parties in the instant case have not addressed the possibility that the willfulness determination may be a mixed issue of fact and law. The parties have assumed in this appeal that the appropriate standard of review is whether the agency's decision regarding the willfulness of plaintiff's conduct was against the manifest weight of the evidence. We will consider the parties' contentions accordingly.

Plaintiff argues that the appellate court's affirmance of any portion of the tax penalty must be deemed against the manifest weight of the evidence because plaintiff did not have *actual* knowledge that the taxes were due until after the cessation of the business in January 1987. Therefore, plaintiff contends, the appellate court's ruling that plaintiff was liable for the period from November 1, 1986, through January 25, 1987, corresponding to the time when plaintiff was fulfilling the bookkeeping duties, must be reversed. In contrast, the Department states, "The appellate court determined that the Department's decision was not against the manifest weight of the evidence for the period from November 1, 1986 through January 25, 1987 ***. The appellate court's decision should be affirmed on review."

Significantly, the Department does not, in its brief, argue that the appellate court erred in finding that the Department's decision was against the manifest weight of the evidence with respect to the taxes owed for the period *preceding* November 1, 1986 (June 1, 1986, to October 31, 1986). This period corresponds to the time

in which the corporation's bookkeeper was in charge of paying the bills and remitting the retailers' occupation tax returns and payments. With respect to this period when plaintiff believed his bookkeeper was remitting the retailers' occupation taxes, the Department raises no challenge to the appellate court's ruling that the agency decision was against the manifest weight of the evidence. Accordingly, we decline to disturb the appellate court's ruling on the sufficiency of the agency's determination of penalty liability for June 1 through October 31, 1986. Instead, we focus our review on the penalty imposed on plaintiff for the period from November 1, 1986, through January 25, 1987, when plaintiff alone was in charge of paying the corporation's debts. However, in leaving intact the vacation of the penalty from June 1 through October 31, 1986, we do not intend to imply that a corporate officer who is responsible for filing retailers' occupation tax returns and remitting the collected taxes may avoid personal liability under section $13^{1}/2$ merely by delegating bookkeeping duties to third parties and failing to inspect corporate records or otherwise failing to keep informed of the status of the retailers' occupation tax returns and payments.

We hold that the Department's determination of penalty against plaintiff for the period of November 1, 1986, through January 25, 1987, is not against the manifest weight of the evidence. Although plaintiff claims he did not actually know or become consciously aware of the tax deficiency until after the business was closed in late January 1987, lack of willfulness is not proved simply by denying conscious awareness of a tax deficiency that could have been easily investigated by an inspection of corporate records. Moreover, from at least December 1986, when he took over the book-keeper's duties, plaintiff had actual knowledge of whether the tax returns were being filed and the retail-

ers' occupation taxes paid because he was the sole person in charge of doing so. The tax is calculated as a percentage of gross sales receipts, and plaintiff admitted that he was aware of the daily receipt totals. Plaintiff knew of his obligations under the Act and had been accustomed to signing returns presented to him by the bookkeeper. Consequently, when plaintiff took over the check writing and other financial obligations of the corporation in early December 1986, in the bookkeeper's absence, he became solely responsible for accounting to the State for the taxes. At about the time plaintiff discovered that checks to the suppliers were being returned for insufficient funds he also found unpaid bills in a drawer. He learned that rent had not been paid for three months. Plaintiff continued to operate the business on a cash basis for another 30 to 40 days before closing the restaurant. He used the taxes collected during that time to pay suppliers. In addition, plaintiff drew a salary for December and January. None of the taxes collected in that time were accounted for in a filed return or remitted to the Department, nor did plaintiff pay the November retailers' occupation taxes coming due in December.

Based on these circumstances, we affirm the appellate court's holding that the evidence of plaintiff's willful failure to file returns and pay the taxes was sufficient to hold him liable for a tax penalty for the period from November 1, 1986, to January 25, 1987. For the reasons stated herein, we also affirm the appellate court's ruling that plaintiff's evidence rebutted the presumption of willfulness for the period from June 1, 1986, to October 31, 1986.

*Affirmed.*

CHIEF JUSTICE BILANDIC and JUSTICE HARRISON took no part in the consideration or decision of this case.