Docket Nos. 81422, 81683 cons.–Agenda 10–May 1997.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DERRICK REED, Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID TURNER, Appellant.

Opinion filed September 25, 1997.

JUSTICE NICKELS delivered the opinion of the court:

The sole issue presented in these consolidated appeals is whether the 1993 amendment to section 5–8–1(c) of the Unified Code of Corrections (730 ILCS 5/5–8–1(c) (West 1994)) requires that a defendant file a written post-sentencing motion in the trial court to preserve sentencing issues for appellate review. We conclude that it does.

BACKGROUND

Defendant Reed

After a bench trial in the circuit court of Cook County, Derrick Reed was convicted of reckless homicide and aggravated driving under the influence of alcohol. Reed was sentenced to seven years' imprisonment for the reckless homicide offense to be served concurrently with a four-year sentence for driving under the influence. Reed did not file a post-sentencing motion in the trial court, but challenged his sentence as excessive on appeal. 282 Ill. App. 3d 278. The appellate court concluded that the 1993 amendment to section 5–8–1(c) requires a written post-sentencing motion be made in the trial court in order to preserve sentencing issues for appeal. The court reasoned that the plain language of the amendment made a written post-sentencing motion the functional equivalent of a post-trial motion. Thus, the appellate court found defendant's sentencing challenge waived and further found no plain error. We granted Reed's petition for leave to appeal. 155 Ill. 2d R. 315.

Defendant Turner

After a bench trial in the circuit court of Cook County, David Turner was convicted of first degree murder and aggravated kidnapping. Turner was sentenced to consecutive prison terms of life in prison for the murder and 30 years for the aggravated kidnapping. Defendant did not file a motion in the trial court challenging his sentence. On appeal, Turner argued that the trial court considered factors during sentencing that were not supported by the record. 282 Ill. App. 3d 770. Relying on 
People v. McCleary
, 278 Ill App. 3d 498, 501 (1996), the appellate court concluded that the amendment to section 5–8–1(c) requires sentencing issues be raised in a written post-sentencing motion. Thus, the appellate court found Turner's sentencing issues waived and further found no plain error. We granted Turner's petition for leave to appeal (155 Ill. 2d R. 315) and consolidated his appeal with Reed's appeal.

ANALYSIS

In 
People v. Lewis
, 158 Ill. 2d 386 (1994), this court analyzed the preamendment version of section 5–8–1(c). The statute at issue in 
Lewis
 provided in part:

“A motion to reduce a sentence 
may be made
, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed.” (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005–8–1(c).

Applying settled principles of statutory construction, this court determined that the statutory language did not show a legislative intent to make post-sentencing motions a prerequisite to appealing sentencing issues. The conclusion reached in 
Lewis
 rested primarily on the permissive language contained in the first sentence of the statute. 
Lewis
, 158 Ill. 2d at 390. This court specifically noted that this language was very different from the mandatory language found to require a written post-trial motion to preserve trial issues for appeal. 
Lewis
, 158 Ill. 2d at 390. In addition, this court also noted that no other language in section 5–8–1(c) suggested a legislative intent to require a post-sentencing motion to preserve sentencing issues for appellate review. 
Lewis
, 158 Ill. 2d at 390.

In 
Lewis
, this court did not consider the 1993 amendment to section 5–8–1(c) at issue here, because the amendment applied only to sentences imposed on or after August 11, 1993. Both of the present defendants were sentenced after the effective date of the amendment to section 5–8–1(c). The amendment adds one sentence:

“A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. 
A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence
. However, the court may not increase a sentence once it is imposed.” (Emphasis added.) 730 ILCS 5/5–8–1(c) (West 1994) (emphasized language added by Pub. Act 88–311, eff. August 11, 1993).

The defendants note that the amendment leaves intact the first sentence of section 5–8–1(c). Defendants argue that the conclusion reached in 
Lewis
 was based primarily on the permissive language contained in the first sentence of the statute. Therefore, defendants contend the conclusion reached in 
Lewis
 remains sound. Defendants further argue that the amended portion of the statute merely provides for the procedure to be followed if a defendant should choose to file a motion challenging his sentence in the trial court, but it does not require such a motion be filed to preserve sentencing issues for appeal. See 
People v. Cook
, 279 Ill. App. 3d 718 (1995). The State responds that the amendment demonstrates a clear legislative intent to require sentencing issues be raised by motion in the trial court as a prerequisite to appeal.

In determining the intent of the legislature concerning the amendment to section 5–8–1(c), we apply the same familiar rules of statutory construction applied in 
Lewis
. In examining a statute, it must be read as a whole and all relevant parts should be considered. 
Lewis
, 158 Ill. 2d at 389. Whether a statutory provision is mandatory or merely directory depends upon the intent of its drafters. 
People v. Youngbey
, 82 Ill. 2d 556, 562 (1980). An important aid in determining legislative intent is the nature of the auxiliary verb used in the statute. 
Youngbey
, 82 Ill. 2d at 562. Legislative use of the word “may” is generally regarded as indicating a permissive or directory reading, whereas use of the word “shall” is generally considered to express a mandatory reading. 
Youngbey
, 82 Ill. 2d at 562.

Applying these principles, we conclude that the legislative purpose behind section 5–8–1(c) was to require sentencing issues be raised in the trial court in order to preserve those issues for appellate review. In 
Lewis
, we noted that the precatory language at issue in the preamendment version of section 5–8–1(c) was very different from the mandatory statutory language found in 
People v. Enoch
, 122 Ill. 2d 176 (1988), to require a written post-trial motion to preserve trial issues for appeal. In contrast, the new mandatory language presently contained in section 5–8–1(c) is nearly identical in substance to the statutory language at issue in 
Enoch
. Compare 725 ILCS 5/116–1(b) (West 1994) (“A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict”) with 730 ILCS 5/5–8–1(c) (West 1994) (“A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence”).

In addition, the policy considerations supporting the requirement of a written post-trial motion to preserve trial error are equally applicable in the context of sentencing. Requiring a written post-sentencing motion will allow the trial court the opportunity to review a defendant's contention of sentencing error and save the delay and expense inherent in appeal if they are meritorious. Such a motion also focuses the attention of the trial court upon a defendant's alleged errors and gives the appellate court the benefit of the trial court's reasoned judgment on those issues. We therefore agree with the appellate court that the plain language now contained in section 5–8–1(c) shows a clear legislative intent to make a post-sentencing motion the functional equivalent of a post-trial motion for purposes of preserving issues for appeal.

We reject defendants' contention that the conclusion reached in 
Lewis
 remains sound because it was based on the permissive language contained in the first sentence of section 5–8–1(c), which was unchanged by the amendment. As stated in 
Lewis
, the statute must be read as a whole. 
Lewis
, 158 Ill. 2d at 389-90. When read as a whole, the first sentence provides that the trial court “may” reduce a sentence or the defendant “may” file a motion to reduce a sentence, but obviously neither is required to do so. The second sentence now provides that a defendant who decides to challenge his sentence “shall” file a written motion in the trial court. Even without changing the language in that first sentence, the legislature changed the result reached in 
Lewis
.

We also reject the defendants' contention that the additional sentence in section 5–8–1(c) was intended merely to describe the manner in which a defendant who chooses to challenge his sentence in the trial court may do so. The language in the second sentence of section 5–8–1(c) does not limit the mandatory filing of a post-sentencing motion to only those defendants wishing to challenge their sentences in the trial court. The statutory language on its face applies to all defendants who wish to challenge the correctness of their sentences or any irregularities in their sentencing hearings.

CONCLUSION

For the reasons stated, we find that defendants waived their contentions of error by failing to raise those issues in a post-sentencing motion in the trial court. Defendants do not argue that their sentencing challenges amount to plain error. Accordingly, the judgments of the appellate court are affirmed.

Affirmed
.