Docket No. 86878–Agenda 27–September 1999.

CITIZENS ORGANIZING PROJECT, Appellant, v. THE DEPARTMENT OF NATURAL RESOURCES 
et al.
, Appellees.

Opinion filed January 21, 2000.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether the Citizens Organizing Project (C.O.P.) is entitled to an award of litigation expenses under section 10–55 of the Illinois Administrative Procedure Act (5 ILCS 100/10–55 (West 1998)) based on its success in having an administrative rule of the Department of Natural Resources invalidated. The circuit court denied C.O.P.’s petition for such expenses and the appellate court affirmed, with one justice dissenting. No. 4–97–0851 (unpublished order under Supreme Court Rule 23). We reverse and remand for further proceedings.

C.O.P. is a citizens group organized as an Illinois general not-for-profit corporation. It opposed a decision by the Department of Natural Resources to approve a permit for strip mining in Knox County. The permit procedures were governed by the Surface Coal Mining Land Conservation and Reclamation Act (225 ILCS 720/1.01 
et seq. 
(West 1996)). Pursuant to section 2.11 of that Act (225 ILCS 720/2.11 (West 1996)), C.O.P. requested a hearing on the Department’s decision.

During the course of the ensuing administrative proceedings, C.O.P. argued that the Department’s permit decision should be reviewed under a “preponderance of the evidence” standard rather than under the “clear and convincing” standard then specified by the Department’s administrative regulations. See 62 Ill. Adm. Code §1847.3(g) (1996). C.O.P.’s argument was initially rejected by the hearing examiner, but in his final decision, the hearing examiner reconsidered his position. Although he ultimately denied C.O.P.’s challenge to the Department’s decision granting the permit, the hearing examiner ruled that the matter should, indeed, be governed by the “preponderance of the evidence” standard advocated by C.O.P.

At the conclusion of those proceedings, C.O.P. filed a complaint for administrative review in the circuit court of Sangamon County pursuant to the Administrative Review Law (735 ILCS 5/3–101 
et seq
. (West 1996)). In its complaint, C.O.P. sought judicial review of the Department’s decision to grant the strip mining permit. It also requested that the circuit court invalidate the Department’s regulation specifying a “clear and convincing” burden of proof in proceedings to review Department decisions.

The circuit court affirmed the Department’s decision to grant the strip mining permit. In so doing, however, it found meritorious C.O.P.’s challenge to the Department’s regulation containing the “clear and convincing” burden of proof. Accordingly, it expressly declared the regulation to be invalid. Based on that ruling, the Department removed the “clear and convincing” standard from its regulations and replaced it with a “preponderance of the evidence” standard. 22 Ill. Reg. 5183 (proposed March 20, 1998); 22 Ill. Reg. 20144 (eff. November 5, 1998); 62 Ill. Adm. Code §1847.3(g) (1999).

Section 10–55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10–55(c) (West 1998)) provides:

“In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency’s exceeding its statutory authority or the agency’s failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney’s fees.”

For the purposes of this provision, an “administrative rule” encompasses any principle, procedure, or regulation governing an agency’s conduct or action. See 
Ardt v. State
, 292 Ill. App. 3d 1059, 1063 (1997). This includes regulations governing the standard of proof. See 5 ILCS 100/10–10 (West 1998). Accordingly, there is no dispute that section 1847.3(g) of title 62 of the Illinois Administrative Code, which fixed the burden of proof in proceedings to review the Department’s decisions on permits, constituted an “administrative rule” within the meaning of the statute.

Because the circuit court sustained C.O.P.’s challenge to section 1847.3(g) and declared the rule to be invalid, C.O.P. petitioned for an award of its reasonable litigation expenses in accordance with section 10–55(c). That petition was timely filed, contained no procedural defects, and was supported by detailed billing records and an affidavit from counsel explaining the basis for the fees and expenses claimed. C.O.P. subsequently filed two supplements to its petition, including an affidavit from an expert attesting to the reasonableness of the litigation expenses claimed.

As indicated at the outset of this disposition, the circuit court denied C.O.P.’s petition. C.O.P. appealed, challenging only the denial of its petition for litigation expenses. The propriety of the circuit court’s rulings in the underlying action for administrative review was not at issue. The appellate court affirmed in an unpublished decision under Supreme Court Rule 23. We granted C.O.P.’s petition for leave to appeal (177 Ill. 2d R. 315), and the matter is now before us for review.

In undertaking our analysis, we begin with the unassailable fact that when the circuit court disposed of C.O.P.’s complaint on administrative review, it expressly invalidated the version of section 1847.3(g) of title 62 of the Illinois Administrative Code containing the “clear and convincing” burden of proof. Whether the court needed to do so or should have avoided doing so is immaterial. What matters is that it did invalidate the rule, and the Department elected not to appeal its decision.

 Section 10–55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10–55(c) (West 1998)) specifically states that where, as here, an administrative rule has been invalidated by a court, “the court 
shall
 award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney’s fees.” (Emphasis added.) When used in a statute, the word “shall” is generally interpreted to mean that something is mandatory. 
People v. Reed
, 177 Ill. 2d 389, 393 (1997). That is how it has been construed in the context of other fee-shifting statutes. See, 
e.g.
, 
North Shore Community Bank & Trust Co. v. Kollar
, 304 Ill. App. 3d 838, 846-47 (1999); 
Maher & Associates, Inc. v. Quality Cabinets
, 267 Ill. App. 3d 69, 81 (1994); 
Verdonck v. Scopes
, 226 Ill. App. 3d 484, 488 (1992); 
Schackleton v. Federal Signal Corp
., 196 Ill. App. 3d 437, 446 (1989); 
Cuevas v. Bill Tsagalis, Inc.
, 149 Ill. App. 3d 977, 992-93 (1986). There is no reason to believe that the legislature intended otherwise here. Accordingly, the circuit court was required to award C.O.P. its reasonable litigation expenses. To hold otherwise would require us to disregard the plain and unambiguous language of the statute.

C.O.P.’s entitlement to an award of its reasonable litigation expenses is not diminished by the fact that it did not prevail on all of its claims. The purpose of the fee-shifting provisions of section 10–55(c) of the Illinois Administrative Procedure Act is to discourage enforcement of invalid rules and give those subject to regulation an incentive to oppose doubtful rules where compliance would otherwise be less costly than litigation. See
 Kaufman Grain Co. v. Director of the Department of Agriculture
, 179 Ill. App. 3d 1040, 1048 (1988); 
Board of Education of School District No. 170 v. Illinois State Board of Education
, 122 Ill. App. 3d 471, 480 (1984). C.O.P.’s conduct was fully in keeping with these objectives.

In virtually every instance, an attack on the validity of an administrative regulation will come, as it did here, in the context of a broader challenge to a decision of an administrative agency. The issues will be intertwined, and the difficulties of assessing what litigation expenses are attributable to which theories can be substantial. The legislature was surely aware of these problems when it drafted this legislation.

The law, as written, contains no provisions requiring that compensable litigation expenses be limited to those demonstrably and directly related to the limited question of the rule’s validity. The law does not even require the party seeking litigation expenses to have prevailed on any other aspect of the case. If you are a party who has brought 
any
 case and you succeed in that case in having 
any
 administrative rule invalidated by a court for 
any
 reason, you are entitled to recover all of your reasonable litigation expenses, including attorney fees. See 
Ardt
, 292 Ill. App. 3d at 1067.

It is difficult to see how any law could be more straightforward or less encumbered by qualification or restriction. Where, as here, the language in a statute is clear and unambiguous, we are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. 
People v. Woodard
, 175 Ill. 2d 435, 443 (1997).

For the foregoing reasons, C.O.P. is entitled to all reasonable litigation expenses incurred throughout this action, including this appeal. See 
Ardt
, 292 Ill. App. 3d at 1067. The judgments of the circuit and appellate courts are therefore reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

JUSTICE MILLER, dissenting:

Unlike my colleagues, I do not believe that Citizens Organizing Project (C.O.P.) is entitled to recover all the attorney fees and litigation expenses it incurred in the underlying litigation. Accordingly, I dissent.

Section 10–55(c) of the Administrative Procedure Act states:

“In any case in which a party has any administrative rule invalidated by a court for any reason, including but not limited to the agency’s exceeding its statutory authority or the agency’s failure to follow statutory procedures in the adoption of the rule, the court shall award the party bringing the action the reasonable expenses of the litigation, including reasonable attorney’s fees.” 5 ILCS 100/10–55 (West 1998).

As an initial matter, I do not agree with the majority that the circuit court properly invalidated the administrative regulation concerning the standard of review of the Department’s decision. Notably, the hearing officer did not apply the challenged standard in ruling against C.O.P., and therefore the standard was not properly before the circuit court when the court heard the case on administrative review. C.O.P. had no standing to challenge an administrative regulation that did not apply to it. See 
Pre-School Owners Ass’n of Illinois, Inc. v. Department of Children & Family Services
, 119 Ill. 2d 268, 287 (1988). For these reasons, I do not believe that the circuit court’s action, on administrative review, in purporting to invalidate the regulation should qualify under section 10–55(c) as a decision invalidating a rule or regulation, triggering application of the fee-recovery provision.

Even if section 10–55(c) is applicable in this case, I do not agree with the majority that C.O.P.’s “reasonable expenses of the litigation” include fees and expenses that are entirely unrelated to its challenge to the invalidated administrative regulation, or that are computed without regard to its lack of success in other aspects of the proceedings. C.O.P. seeks an award of nearly $50,000 for its expenses, representing the sum of the attorney fees, expert witness fees, and other costs it incurred in the underlying litigation, in which it failed to overturn the Department’s adverse decision. Only a small fraction of the amount sought, however, can be said to be associated with C.O.P.’s challenge to the administrative regulation concerning the standard of review–the one area in which its litigation efforts were successful.

Besides not prevailing on the merits of the case, C.O.P. seeks reimbursement for some legal work that seems entirely unnecessary. As one example, in proceedings before the hearing officer, C.O.P. moved to dismiss briefs filed by the Department and the mining company, arguing that the briefs were filed late. In the alternative, C.O.P. asked the hearing officer to strike the portions of the briefs that referred to evidence admitted in an earlier case; C.O.P. insisted that the evidence had not been properly introduced in these proceedings. Both of C.O.P.’s requests for relief were wholly without merit. The briefs had been filed in a timely manner: the deadline was a Sunday, and, by administrative rule, as well as standard practice, the other parties had until the next day to submit them. 62 Ill. Adm. Code §1700.15 (1996). C.O.P.’s further assertion in the motion that the one-day delay was prejudicial in reducing its own time to file a reply brief strikes a false note, for C.O.P. filed its reply on the same day it submitted the dismissal motion, and long before its own deadline. Finally, C.O.P.’s challenge to the other parties’ discussion of the evidence from the other matter was also groundless. At an earlier point in these proceedings, C.O.P. had in fact stipulated, rather than objected, to the admission of the evidence from the other case.

As this case illustrates, under the majority’s interpretation of the fee statute, a party can succeed in obtaining the invalidation of an incidental administrative rule or regulation, fail on every other issue, and still recover all its litigation fees and expenses. I do not believe that the legislature, in enacting section 10–55(c), could have intended that result. The recovery of attorney fees was unknown at common law, and therefore statutes permitting their award must be construed narrowly. 
Carson Pirie Scott & Co. v. State of Illinois Department of Employment Security
, 131 Ill. 2d 23, 49 (1989). Moreover, in interpreting statutes, this court will seek to avoid absurd or unjust results. 
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 541 (1992). “Where the language of a statute admits of two constructions, one of which would make the enactment absurd and illogical, while the other renders it reasonable and sensible, the construction which leads to an absurd result must be avoided.” 
Mulligan v. Joliet Regional Port District
, 123 Ill. 2d 303, 312-13 (1988). Given the tangential nature of the issue on which C.O.P. prevailed and C.O.P.’s lack of success in every other aspect of the proceedings, I do not believe that the legislature could have intended an award of litigation expenses of the magnitude sought here; if C.O.P. must be reimbursed for any of its expenses, I would limit recovery under section 10–55(c) accordingly.

JUSTICE BILANDIC joins in this dissent.