RAYMOND J. COLE, SR., Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC HEALTH *et al.*, Defendants-Appellees.

Third District   No. 3—01—0197

Opinion filed April 9, 2002.

BRESLIN, J., dissenting.

John A. Baker, of Law Offices of James P. Baker, of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

The water well and pump installation contractor's license of plaintiff, Raymond J. Cole, Sr. (Cole), was revoked by the Illinois Department of Public Health (Department). The circuit court affirmed the revocation. Cole now appeals, arguing that the Department failed to comply with the mandates of the Water Well and Pump Installation Contractor's License Act (Act) (225 ILCS 345/16 (West 2000)).

The record reveals the following facts. On July 10, 2000, the Department served Cole with a notice of intent to revoke his water well and pump installation contractor's license. The notice alleged that on May 28, 1997, Cole, doing business as J. & R. Well Drilling, had directed an unlicensed employee to construct a private water well and install a water well pump without personally supervising the unlicensed employee. The notice further alleged that the well was improperly constructed. Lastly, the notice alleged that on June 18, 1997, Cole submitted an inaccurate water well construction report to the Department regarding the well constructed on May 28, 1997.

The notice provided that Cole had an opportunity under section 16 of the Act to be heard by an administrative law judge. In order to

exercise this right, Cole had to request a hearing within 10 days of receiving the notice. The notice stated in bold-faced type that "FAILURE TO REQUEST THE HEARING AS SPECIFIED HEREIN SHALL CONSTITUTE A WAIVER OF THE RIGHT TO SUCH HEARING."

Cole did not request a hearing. So, on July 25, 2000, the Department issued a final order revoking Cole's license without holding an evidentiary hearing. This order indicated that it was subject to judicial review pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2000)).

On August 28, 2000, Cole filed a request for judicial review of the Department's decision to revoke his license. He argued that the Department failed to follow the provisions of the Act by failing to inform him of the date, time and place of the evidentiary hearing in its original notice and by failing to hold an evidentiary hearing.

The trial court upheld the Department's revocation of Cole's license. In doing so, the court found that the procedure used complied with section 16 of the Act. Cole appealed.

■ Section 16 of the Act provides that before revocation of a license:

> "The Department shall, *** at least 10 days prior to the date set for the hearing, notify in writing the applicant for or holder of a license, hereinafter called the respondent, that a hearing will be held on the date designated to determine whether the respondent is privileged to hold such license, and shall afford the respondent an opportunity to be heard in person or by counsel with reference thereto." 225 ILCS 345/16 (West 2000).

The section further states:

> "At the time and place fixed in the notice, the Department shall proceed to hear the charges and both the respondent and the complainant shall be accorded ample opportunity to present in person or by counsel such statements, testimony, evidence and argument as may be pertinent to the charges or to any defense thereto." 225 ILCS 345/16 (West 2000).

Cole argues that by using the word "shall," the legislature mandated that before a license can be revoked by the Department, the Department is required to send a notice which includes the date, time and place of the hearing. According to Cole, the Department's procedure violates the statute because he was never informed of the date, time and place of his hearing. Further, Cole argues that even if the respondent does not request an evidentiary hearing, the Department is statutorily required to hold one. Since the Department did not comply with the statute, he asserts that his license revocation was improper.

■ An administrative agency's interpretation of a statute is subject to *de novo* review. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 659 N.E.2d 961 (1995). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *In re D.D.*, 196 Ill. 2d 405, 752 N.E.2d 1112 (2001). Where the legislative intent can be ascertained from the language of the statute, it will be given effect without resorting to other aids for construction. *People v. Lemons*, 191 Ill. 2d 155, 729 N.E.2d 489 (2000). After careful examination of the statutory language, it is clear the legislature intended to require the Department to schedule a hearing before revoking a license. See 225 ILCS 345/16 (West 2000). The statute contains no language placing the burden on the licensee to request a hearing. See 225 ILCS 345/16 (West 2000). The Department's failure to schedule a hearing prior to revocation of the license was contrary to the plain meaning of the statute.

In examining a statute, it must be read as a whole and all relevant parts should be considered. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997). Section 19 of the Act gives further support to our interpretation. It specifically makes reference to a scheduled hearing prior to suspension or revocation of a license and sets forth the Department's subsequent procedures. See 225 ILCS 345/19 (West 2000). There is no language suggesting that a hearing may not be scheduled.

■ The Department contends it should not be required to schedule and plan a hearing for each licensee under the Act because the legislature could not have intended such a result. The Department claims it absurd that it should undertake extensive preparations only to have the licensee fail to appear. Yet this is exactly what the legislature appears to have considered and addressed in section 19 of the Act, where procedures are set forth for "after the hearing, or, if the respondent failed to appear, on the date set for the hearing." 225 ILCS 345/19 (West 2000).

The Department claims the word "shall" in section 16 has a directive meaning and would only acquire a mandatory meaning when the licensee requests a hearing. Use of the word "shall," appearing in a statute, ordinarily imposes an imperative duty. *Citizens Organizing Project v. Department of Natural Resources*, 189 Ill. 2d 593, 727 N.E.2d 195 (2000). It does not, however, have an exclusive, fixed, or inviolate connotation. *People v. Singleton*, 103 Ill. 2d 339, 469 N.E.2d 200 (1984). Its meaning in particular cases must be determined primarily from the intent of the legislature as shown by the context in which the word is used. *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997). The word "shall" in a statute will not be given a permissive meaning when it is used with reference to any right or benefit to anyone, and

the right or benefit depends upon giving a mandatory meaning to the word. *Newkirk v. Bigard*, 109 Ill. 2d 28, 485 N.E.2d 321 (1985).

There is no reason to stray from the standard usage of the word "shall" in the instant case. The Department's procedure is directly at odds with the apparent intent of the legislature.

This case is markedly different from *Ferguson v. Ryan*, 251 Ill. App. 3d 1042, 623 N.E.2d 1004 (1993), where we affirmed the decision of a township election board to accept the results from a caucus that did not conform precisely to the requirements of the Township Law of 1874 (60 ILCS 5/1—1 *et seq.* (West 1992)). In finding that the requirements were merely directory, we noted that the general purpose of election laws is to ensure fair and honest elections and to obtain a correct expression of the voters' intent. Accordingly, minor and technical violations of the statute that did not affect the overall fairness of the caucus did not invalidate the results. Thus in *Ferguson*, unlike here, failing to adhere to statutory requirements did not deprive anyone of a right or benefit. For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed.

Reversed.

HOLDRIDGE, J., concurs.

JUSTICE BRESLIN, dissenting:

It is well established in the law that the word "shall" may be deemed directive where a statutory section is designed to secure an orderly system in an administrative proceeding. *People v. Tomlinson*, 295 Ill. App. 3d 193, 692 N.E.2d 1207 (1998). "Shall" may be interpreted as a directive word particularly when no consequences are provided for failure to comply with a particular provision. *In re Estate of Wallis*, 276 Ill. App. 3d 1053, 659 N.E.2d 423 (1995). Further, an administrative procedure will be sustained so long as it furthers the purpose of the statute and is not arbitrary, unreasonable or capricious. See *Board of Trustees of the University of Illinois v. Illinois Educational Labor Relations Board*, 274 Ill. App. 3d 145, 653 N.E.2d 882 (1995).

In this case, section 16 of the Act is clearly designed to set up an orderly system for license revocation. There is nothing in section 16, or anywhere else in the Act, that establishes a consequence if section 16 is not complied with exactly. These two points lead me to the conclusion that the word "shall" as used in section 16 of the Act is directive, not mandatory.

Having determined that the statutory language of section 16 is

directive, the question then becomes whether the Department's regulations sufficiently implement the statute. The regulations provide that before a licensee's license may be revoked, the licensee will receive notice that a hearing will be scheduled if he requests one within 10 days of receipt of the notice. 77 Ill. Adm. Code § 100.7 (2000). The notice includes the specific allegations which form the basis for the action. Furthermore, the notice informs the licensee, in capital, bold-faced type, that failure to request a hearing within 10 days of receipt of the notice will result in a waiver of the licensee's right to a hearing. This procedure provides a licensee with all the rights afforded under the statute and is not arbitrary or capricious. Therefore, I would hold that the Department's procedure is proper and does not violate the statute.

Lastly, it is persuasive to me that Cole does not allege that the allegations in the notice of intent to revoke his license are false. Nor does he allege that he had any reason for not requesting a hearing, and he never requested a rehearing to which he was entitled under the statute (225 ILCS 345/19 (West 2000)). All of these circumstances confirm my belief that he was afforded all due process required by the statute. Thus, I think we should be affirming and not reversing and remanding for the completion of a useless act.