THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS FORD, Defendant-Appellant.

First District (2nd Division)   No. 1—97—3914

Opinion filed November 3, 1998.

Rita A. Fry, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Jon J. Walters, and Daniel G. Pikarski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Following a bench trial, the defendant, Douglas Ford, was found guilty of burglary and sentenced to 2 years' probation and 200 hours of community service. Defendant was 18 years old and had no criminal history and no gang involvement. On appeal, defendant contends that the trial court abused its discretion. He specifies that the trial court's order directing him to complete 200 hours of community service as a condition of probation "was not 'reasonable' in light of the other statutory requirement which set a maximum of 120 hours of community service for offenders who are gang members and convicted of gang-related crimes."

The State contends that defendant waived this sentencing issue for review by failing to raise the issue in a postsentencing motion. We agree. Moreover, we conclude that defendant's contention is without merit.

## ANALYSIS

■ Relative to waiver, section 5—8—1(c) of the Illinois Unified Code of Corrections provides that "[a] defendant's challenge to the

correctness of a sentence or to any aspect of a sentencing hearing shall be made by written motion filed within 30 days following the imposition of sentence." 730 ILCS 5/5—8—1(c) (West 1996). This requirement that sentencing issues be raised in the trial court to preserve those issues for review is mandatory. *People v. Reed*, 177 Ill. 2d 389, 392, 686 N.E.2d 584, 585 (1997).

■ However, even were this issue not waived, the trial court properly exercised its discretion in sentencing defendant. A trial court's decision with respect to sentencing is entitled to great deference and weight since it is in a better position than a reviewing court to fashion an appropriate penalty. *People v. Streit*, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991); *People v. Pendleton*, 279 Ill. App. 3d 669, 678, 665 N.E.2d 350, 357 (1996).

■ Burglary is a Class 2 felony, for which a defendant may be sentenced to a range between three and seven years in prison. 730 ILCS 5/5—8—1 (West 1996). Further, a defendant may be placed on probation for as much as four years. 730 ILCS 5/5—6—2(b) (West 1996). Section 5—6—3 of the Unified Code of Corrections provides for conditions of probation. 730 ILCS 5/5—6—3 (West 1996).

■ An understanding of both sections 5—6—3(a)(6) and 5—6—3(b)(9) is necessary for a proper disposition of the sentencing issue raised by the defendant in the instant case. Section 5—6—3(a)(6) provides:

"(a) The conditions of probation and of conditional discharge shall be that the person:

\* \* \*

(6) perform no less than 30 hours of community service and not more than 120 hours of community service, if community service is available in the jurisdiction and is funded and approved by the county board where the offense was committed, where the offense was related to or in furtherance of the criminal activities of an organized gang and was motivated by the offender's membership in or allegiance to an organized gang. The community service shall include, but not be limited to, the cleanup and repair of any damage caused by a violation of Section 21—1.3 of the Criminal Code of 1961 and similar damage to property located within the municipality or county in which the violation occurred. When possible and reasonable, the community service should be performed in the offender's neighborhood." 730 ILCS 5/5—6—3(a)(6) (West 1996).

Section 5—6—3(b)(9) provides:

"(b) The Court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant as determined for each defendant in the proper discretion of the Court require that the person:

(9) perform some reasonable public or community service."
730 ILCS 5/5—6—3(b)(9) (West 1996).

We note that courts have given as many or more hours of community service for felonies that were of a lower class than the crime involved in the present matter. See *People v. Thornton*, 286 Ill. App. 3d 624, 635-36, 676 N.E.2d 1024, 1032-33 (1997) (the defendant was sentenced to 10 days' incarceration and 200 hours of community service for a conviction of cruelty to an animal, a Class C misdemeanor); *People v. Simester*, 287 Ill. App. 3d 420, 422-23, 678 N.E.2d 710, 711 (1997) (the defendant was convicted of criminal neglect of an elderly person, a Class 3 felony, and was sentenced to 30 months' probation and 1,000 hours of community service).

The statute makes a distinction between gang-related and non-gang-related offenses. Therefore, the minimum and maximum limits for hours of community service required as a condition of probation sentences received by persons who are adjudged guilty of gang-related offenses under section 5—6—3(a)(b) cannot be compared to the community service condition of probation provided in section 5—6—3(b)(9) for non-gang-related offenses.

■ Defendant cites no authority in support of his argument. Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) requires an appellant to cite authority in support of his arguments on appeal. Because defendant has not cited any authority in support of his argument, the argument is waived and we need not address it. *Chicago Title & Trust Co. v. Weiss*, 238 Ill. App. 3d 921, 927, 605 N.E.2d 1092, 1097 (1992).

■ However, even were this issue not waived, defendant's argument is without merit. Defendant ignores the provisions of section 5—6—3(b)(9) where, without delineating either minimum or maximum hours, it is stated that a person may be ordered as a condition of probation to perform "some reasonable public or community service." 730 ILCS 5/5—6—3(b)(9) (West 1996). Defendant also ignores the clear comments of the sentencing court as to the purpose of this sentence. In our view, the trial court's order directing defendant to complete 200 hours of community service conformed with section 5—6—3(b)(9) (730 ILCS 5/5—6—3(b)(9) (West 1996)).

Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's motion to assess defendant $100 as costs for this appeal.

Affirmed.

RAKOWSKI and McNULTY, JJ., concur.