**In re Robert E. CHAIN, Debtor.**

**No. 97–24770.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 8, 2000.

Raymond C. Bliss, Baker, O'Sullivan & Bliss, P.C., Wethersfield, CT, for trustee.

Robert A. Pacelli, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, for Robert S. Weiss & Co.

## RULING ON OBJECTION TO CLAIM

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

#### ISSUE

This matter raises the issue of allocation of burden of proof when a party files a proof of claim is a bankruptcy case, there is an objection to the claim, and limited documentary evidence constitutes the record. The court held a hearing on the objection on September 19, 2000, following which the parties submitted their memoranda of law.

### II.

#### BACKGROUND

Robert E. Chain ("the debtor") filed a Chapter 7 petition on November 5, 1997, and Alan Robert Baker, Esq. ("the trustee") became the trustee of the debtor's estate. On February 23, 1998, Robert S. Weiss & Co. ("RSW") filed a proof of claim with no supporting documentation and in an unstated amount. The trustee, on April 24, 2000, filed an objection to the claim asserting, *inter alia*, that the claim was not a personal obligation of the debtor.

At the hearing on the objection, RSW, without objection by the trustee, filed an amended proof of claim specifying the amount of the claim as $130,000 and attaching thereto various documents, including a statement of the basis of the claim ("the statement"). The statement alleges that RSW's claim arose from the debtor's written personal guaranty of payments totaling $900,000 to be made by Capital Benefit Plans, Inc. ("CB"), pursuant to a settlement agreement executed in 1993 ("the 1993 agreement") by and between CB, First Connecticut Life Insurance Company ("First Connecticut") and RSW. The debtor, who controlled both CB and First Connecticut, also individually signed the 1993 agreement.

CB, subsequent to paying the $900,000 to RSW, filed a Chapter 7 bankruptcy petition in this court. CB's Chapter 7 trustee brought an adversary proceeding against RSW to recover the $900,000 as a fraudulent conveyance. RSW and CB's trustee executed a settlement agreement ("the 1998 agreement"), approved by this court, whereby RSW returned $130,000 to CB's bankruptcy estate, and CB and RSW released all claims against each other. The statement contends that the debtor "remains liable to [RSW] for the $130,000 paid in settlement of the adversary proceeding." (Statement ¶ 5).

The amended proof of claim contained copies of both the executed 1993 agreement with unsigned attachments including the personal guaranty at issue, and the 1998 agreement. At the hearing, RSW did not produce a signed guaranty by the debtor, and neither RSW nor the trustee called any witnesses. Paragraph 33 of the 1993 agreement provides:

> Within seven days immediately following the execution of this agreement, either First Connecticut or Helen L. Chain and Robert E. Chain shall execute and deliver to RSW a guaranty of the obligations of [CB] under Paragraphs 11 and 13 of this agreement in the form of "Attachment I." First Connecticut shall elect whether said guaranty shall be from it or from Helen L. Chain and Robert E. Chain.

(1993 Agreement ¶ 33).

### III.

#### POSITIONS OF THE PARTIES

RSW argues that despite the fact that it cannot "locate" the guaranty executed by

the debtor, the submitted copies of the executed 1993 and 1998 agreements "clearly trace the sequence of events leading to the Debtor's liability for the amount set forth in the Proof of Claim. These agreements, along with the guarantees attached to the 1993 Settlement Agreement constitute prima facie evidence of the validity of [RSW's] claim." (RSW Memorandum at 3). RSW concludes that its claim must be allowed in the absence of evidence by the trustee to rebut it.

The trustee responds that, as objected to at the hearing, the documents attached to the amended proof of claim are not admissible without authentication in accordance with Fed.R.Evid. 901[1], and that the Connecticut Statute of Frauds[2] requires proof of a signed written guaranty for the guaranty to be enforceable.

### IV.

### *DISCUSSION*

Fed. R. Bank. P. 3001, entitled *Proof of Claim*, provides in subsection (a) *"Form and Content.* A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Rule 3001(f), entitled *Evidentiary Effect*, further provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Advisory Committee Note to Rule 3001 comments, "The Federal Rules of Evidence, made applicable to cases under the [Bankruptcy] Code by [Bankruptcy] Rule 1101, do not prescribe the evidentiary effect to be accorded particular documents. Subdivision (f) of this rule supplements the

**1.** Rule 901(a). *General provisions*, provides:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.

**2.** Conn. Gen.Stat. § 52–550. *Statute of frauds, written agreement or memorandum.*

Federal Rules of Evidence as they apply to cases under the Code." *Cf. Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 1956 n. 2, 147 L.Ed.2d 13 (2000) ("The Bankruptcy Rules are silent on the burden of proof for claims; while Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim ... is prima facie evidence of the validity and amount of the claim, this rule does not address the burden of proof when a trustee disputes a claim."). (Internal quotation marks omitted.)

■ This court has previously noted, "A filing 'in accordance with the rules, in order to receive the benefit of the claim's prima facie validity, means that the proof of claim must 'set forth the facts necessary to support the claim.' 8 L. King, Collier on Bankruptcy ¶ 3001.05 (15th ed.1988)." *In re Marino*, 90 B.R. 25, 28 (Bankr. D.Conn.1988). Whether RSW's amended proof of claim sets forth all of the facts necessary to support its claim is a substantive question to be determined by reference to applicable state law. *See, e.g. Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Raleigh*, 530 U.S. at ——, 120 S.Ct. at 1955 ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims.").

■ Conn. Gen.Stat. § 52–550, requires that a guaranty be in writing and signed by the party to be charged. There is no dispute that a signature on a series of documents setting forth all of the essential elements of the agreement may satisfy the statute, or that the memorandum need not be the contract itself. *See, e.g. Heyman v. CBS, Inc.*, 178 Conn. 215, 221, 423 A.2d 887 (1979) ("[T]he requirements of the

(a) No civil action may be maintained in the following cases unless the agreement or a memorandum of the agreement is made in writing and signed by the party, or the agent of the party, to be charged:

. . .

(2) against any person upon any special promise to answer for the debt, default or miscarriage of another....

statute can be met either by a single document or ... by a series of related writings which, taken together, describe the essential terms and conditions of the contract.... The memorandum of the contract need not be the contract itself."); *Fruin v. Colonnade One at Old Greenwich, L.P.,* 38 Conn.App. 420, 426, 662 A.2d 129 (1995) (statute of frauds requires that memorandum state contract "with such certainty that its essentials can be known from the memorandum itself.") (citations omitted). The 1993 agreement cannot, however, fulfill the function of a memorandum, if only because paragraph 33 of the 1993 agreement requires that either First Connecticut or the debtor and Helen L. Chain execute a guaranty. Inasmuch as the identity of the guarantor is an essential element of the guaranty, the signature of the debtor on the 1993 agreement is not sufficient to satisfy the requirements under the statute of frauds for an enforceable guaranty.

■ Because RSW's proof of claim did not set forth sufficient factual allegations to support its claim, it is not entitled to the presumption of prima facie validity, and RSW bears the burdens of going forward, as well as that of proving its claim by a preponderance of the evidence. *Marino,* 90 B.R. at 28. RSW has produced no testimonial or other evidence to support the existence and terms of the alleged guaranty. *See Raleigh,* 530 U.S. at ——, 120 S.Ct. at 1958 (holding that allocation of the burden of proof is an essential element of a claim under applicable state law which is not shifted by the filing of a bankruptcy petition). RSW has not satisfied its burden of proof and its claim, therefore, must be denied.[3] In light of this conclusion, other arguments of the parties need not be addressed.

3. Neither RSW's memorandum nor its statement make any argument as to the following provisions of Rule 3001(c):

   *Claim Based on a Writing.* When a claim ... is based on a writing, the original or a

### V.

### *CONCLUSION*

In accordance with the foregoing discussion, the court concludes that the trustee's objection to the claim of RSW be sustained and the claim denied. It is

SO ORDERED.

duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.