**In re Robert L. NEJEDLO and Caryl A. Nejedlo, Debtors.**

No. 03–28896.

United States Bankruptcy Court, E.D. Wisconsin.

April 14, 2005.

Jeffrey C. Beinlich, Green Bay, WI, for Debtors.

## MEMORANDUM DECISION

SUSAN V. KELLEY, Bankruptcy Judge.

The issue in this case is the allowance of claims filed against the chapter 7 debtors. The Trustee objected to the claims on the basis that: "Green Bay Christian Book Shoppe, a Corporation, is liable for the debt underlying the creditors' claims, and not the Debtor(s) personally." Although none of the claimants filed a response to the Trustee's objections, Local Rule 3007 does not require such a response. Nor did any of the claimants appear at the hearing on the claim objections, but this could be explained by the amount of the claims at stake—the largest one that the Trustee seeks to disallow is in the amount of $6,603—or by the fact that the claimants agree with the Trustee's objection, or because the claimants are relying on the Trustee to prove the allegations of his objection.

At the hearing, the court asked the Trustee for evidence that Green Bay Christian Book Shoppe was a corporate entity, separate from the Debtors in this case. The Trustee provided no such proof; he relies upon the claims themselves, and the case of *In re Chain,* 255 B.R. 278 (Bankr.D.Conn.2000). In *Chain,* there was no dispute as to the existence of a separate corporate entity which was liable to the claimant. The claimant contended the individual debtor had personally guaranteed the corporate debt, but could not

produce a signed copy of the guaranty to prove it. This case is different. There is no evidence in the record that a separate corporate entity exists. The court has examined each of the claims to which an objection has been lodged. All of the claims are supported by invoices issued to "Christian Book Shoppe," "Christian Book Shop," or "Green Bay Christian Book Shoppe." Not a single mention is contained in any of the claims or voluminous pages of invoices attached to the claims of "Christian Book Shoppe, Inc." or "Green Bay Christian Book Shoppe Corp." In other words, the claims themselves do not reflect that the claimants were aware that they were doing business with a corporate entity.

Under Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of both the validity and amount of the claim. According to the courts that have considered this Rule, a party objecting to the claim must produce *evidence* to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim. *E.g., In re Glenn,* 100 B.R. 763, 766 (Bankr.W.D.Pa.1989) *citing Matter of Fidelity Holding Company, Ltd.,* 837 F.2d 696 (5th Cir.1988). Once the objector has produced evidence to overcome the presumption of validity and/or amount, the claimant must then produce additional evidence, and must prove the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden rests with the creditor, but only after the objector has produced some evidence to rebut the claim. *Id.*

Similarly, in *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991), the court of appeals cited a leading treatise, and stated:

Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. But the ultimate burden of persuasion is always on the claimant. Thus, it may be said that the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more. 3 L. King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed.1991) (footnotes omitted).

*See also, In re McGee,* 258 B.R. 139, 147–48 (Bankr.D.Md.2001); *In re Lampert,* 61 B.R. 785, 787 (Bankr.W.D.Wis.1986); *Superior Metal Moulding Co., Inc. v. Shipp (In re Friedman),* 436 F.Supp. 234, 237 (D.Md.1977).

The current edition of *Collier on Bankruptcy,* contains a similar statement of the law: "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Code section 502(a). Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy 15th Ed. Rev.* ¶ 502.02[f] (Lawrence King ed., 2005).

The Trustee here argues that the proofs of claim were not properly filed (or that they are "self-contradictory," to use the language of *Holm*) because the invoices attached to the claims are in the name of "Christian Book Shoppe," rather than the name of the individual debtors. The Trustee states in his unverified Objections that "Green Bay Christian Book Shoppe, Inc." is a corporate entity separate and apart from the Debtors, and contends that without a written personal guaranty, the Debtors cannot be held liable for the debts of this corporation. However, none of the claims or lengthy attachments to the claims contains a reference to a corporation, and the Trustee has introduced no evidence that the claimants knew that they were dealing with a corporation.

 Under Wisconsin law, "an agent is liable where the contracting party is not aware of the corporate status of the principal." *Benjamin Plumbing, Inc. v. Barnes*, 162 Wis.2d 837, 850–851, 470 N.W.2d 888 (Wis.1991) (citations omitted). In *Benjamin Plumbing*, Barnes contracted plumbing services on behalf of a nonprofit corporation called "Response to Hunger Network, Inc." However, in all of his dealings and correspondence with the plumbing supplier, Barnes never included the "Inc." after the corporation's name. The Wisconsin Supreme Court held that, under traditional agency principles, Barnes could not hide behind the corporate shield: "Because the contracting party needs notice of the principal's corporate status, the use of a trade name is normally not sufficient disclosure. The failure to use the 'Inc.' notation in correspondence between the agent and third party or in the contract itself is often critical in the determination of whether there was adequate disclosure of corporate status." *Id.* at 851, 470 N.W.2d 888. Notably, the Wisconsin Supreme Court held that the burden of proving that the corporate status was disclosed falls on the individual who seeks to avoid liability. *Id.*

That state law places this burden on the individual is significant in considering claim objections in bankruptcy, according to *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). In that case, the debtor Stoecker was the president of a defunct corporation. The State assessed a sales tax for the corporation's airplane against Stoecker, personally, and the chapter 7 trustee objected to the claim. The Trustee argued that the State should prove that Stoecker was liable for the tax, rather than requiring the Trustee to prove that Stoecker was not liable. The Supreme Court relied on state law to allocate this burden of proof, saying:

> Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161–162, 67 S.Ct. 237, 91 L.Ed. 162 (1946). The "basic federal rule" in bankruptcy is that state law governs the substance of claims, *Butner, supra*, at 57, 99 S.Ct. 914, Congress having "generally left the determination of property rights in the assets of a bankrupt's estate to state law," 440 U.S. at 54, 99 S.Ct. 914 (footnote omitted). "Unless some federal interest requires a different result, there is no reason why [the state] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S. at 55, 99 S.Ct. 914. In this case, the bankruptcy estate's obligation to the Illinois Department of Revenue is established by that State's tax code, which puts the burden of proof

on the responsible officer of the taxpayer. *See Branson*, 168 Ill.2d at 260–262, 213 Ill.Dec. 615, 659 N.E.2d at 968. *Raleigh*, 530 U.S. at 20, 120 S.Ct. 1951.

 Application of these authorities to this case confirms that the Trustee cannot prevail on his claim objections without some evidence that the claimants knew that they were dealing with a corporation. As in *Raleigh*, the Trustee cannot require the claimants to prove that they did not know they were dealing with a corporation. Wisconsin law requires otherwise. Given the invoices with the total absence of reference to a corporate name such as "Inc." or "Corp.," the Trustee must produce some evidence that the claimants were on notice of the corporate existence of Green Bay Christian Book Shoppe, Inc.

Presumably this evidence could come in the form of testimony of the Debtors, perhaps in the form of an affidavit or declaration, especially when the claimants themselves do not respond or appear at the hearing on the Objections. *See Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (9th Cir. BAP 2000) (under Bankr.R. 9014, objections are classified as motions, and "[e]vidence on motions may be taken by way of affidavit pursuant to Civil Rule 43(e)."). Absent cooperation or availability of the Debtors, the Trustee could conduct discovery of the claimants themselves. The discovery rules apply to contested matters, such as these claim objections. Bankr.R. 9014(c). Whatever form the evidence takes, it is clear that the Trustee cannot succeed without it.

A separate order will be issued overruling the Trustee's Objections, with leave to amend the Objections with evidence that there was adequate notice to the Claim-

ants of the alleged corporate status of Green Bay Christian Book Shoppe.