No. 2--01--0787

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

DANIEL A. BOYLAN, ) Appeal from the Circuit Court

             ) of Du Page County.

Plaintiff-Appellant, )

) 

v. ) No. 00--MR--919

)

LARRY E. MATEJKA, Executive )

Director of the Illinois )

Student Assistance Commission, )

and THE ILLINOIS STUDENT )

ASSISTANCE COMMISSION, ) Honorable

) Bonnie M. Wheaton,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Daniel Boylan, filed a complaint in the circuit court of Du Page County against Larry Matejka, in his capacity as executive director of the Illinois Student Assistance Commission, and the Illinois Student Assistance Commission (collectively the Commission) seeking review of the Commission's final decision denying Boylan's application for an Illinois Veteran Grant.  On appeal, Boylan contends that the trial court erroneously upheld the Commission's determination that Boylan was ineligible for an Illinois Veteran Grant because he was not honorably discharged from the United States Navy.

The pertinent facts are not in dispute.  Boylan began serving  in the Navy on September 19, 1996.  After completing nuclear training, he was assigned to the U.S.S. Dwight D. Eisenhower, a nuclear aircraft carrier.  In September 1998, Boylan and all other crewmembers on the Eisenhower were told that they had to take an anthrax vaccine, pursuant to an order issued by the Secretary of Defense.  When Boylan's captain ordered him to take the vaccine, Boylan refused because of concerns over the vaccine's efficacy and safety.  As a result of his refusal, Boylan's rank was reduced by one grade, he was reassigned from nuclear technician duty to galley work, and he was restricted to the ship for 60 days. 

In March 1999, Boylan's commanding officer recommended an administrative separation from the Navy for Boylan.  According to Boylan's "Certificate of Release or Discharge from Active Duty" he  received a "General (Under Honorable Conditions)" discharge.  The commanding officer's report regarding Boylan's separation indicated that, in addition to refusing to take his anthrax vaccine, Boylan also failed to report at his restricted personnel musters on five occasions.  The commanding officer's report contained the following comments about Boylan:

"MMFN Boylan has repeatedly refused to take his Anthrax vaccination.  His continuing misconduct is incompatible with the Naval service.  I have determined that MMFN Boylan has no potential for future service and should be separated with a General (Under Honorable Conditions) discharge by reason of misconduct due to a pattern of misconduct and misconduct due to commission of a serious offense."

Following his separation from the Navy, Boylan returned to Illinois, where he had resided prior to his Navy service.  He applied for an Illinois Veteran Grant, which exempts eligible Illinois veterans from paying tuition and fees at State-controlled colleges, universities, and community colleges.  110 ILCS 947/40 (West 1998).  The Commission denied Boylan's application on the ground that he was not honorably discharged from the Navy.  Following an administrative hearing, the executive director of the Commission issued a final decision denying Boylan's application.  Boylan filed a complaint in the circuit court for administrative review of the Commission's decision.  The court entered an order upholding the Commission's decision.  Boylan filed a timely notice of appeal from the circuit court's order, and this appeal ensued.

The issue before us is whether, under section 40 of the Higher Education Student Assistance Act (Act) (110 ILCS 947/40 (West 1998)), a person who receives a general discharge from the armed forces under honorable conditions and who otherwise meets the requirements of section 40 is eligible for an Illinois Veteran Grant.  This appears to be an issue of first impression.

An agency's finding on a question of law, such as the interpretation of a statute, is not binding on this court.  
Oregon Community Unit School District No. 220 v. Property Tax Appeal Board
, 285 Ill. App. 3d 170, 175 (1996).  We review questions of law 
de novo
.  
Branson v. Department of Revenue
, 168 Ill. 2d 247, 254 (1995).  However, courts "must give substantial weight and deference to statutory interpretations made by an administrative agency charged with administration of a particular statute."  
Oregon Community Unit School District
, 285 Ill. App. 3d at 175. "A significant reason for this deference is that courts appreciate that agencies can make informed judgments upon the issues, based upon their experience and expertise."  
Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n
, 95 Ill. 2d 142, 153 (1983).

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
Paciga v. Property Tax Appeal Board
, 322 Ill. App. 3d 157, 160 (2001).  In order to do this, we look first to the words of the statute as the best indicators of legislative intent.  
Paciga
, 322 Ill. App. 3d at 160-61.  Where the statutory language is unambiguous, we must interpret the statute according to its terms and may not consider other aids in construction.  
Branson
, 168 Ill. 2d at 254.  Further, we may not depart from a statute's clear and unambiguous language and read into it exceptions, limitations, or conditions.  
People v. Patterson
, 308 Ill. App. 3d 943 (1999).  A statute is ambiguous if it is capable of two reasonable and conflicting interpretations.  
Paciga
, 322 Ill. App. 3d at 161.  We presume that the legislature had a definite purpose in enacting the statute and drafted the statute so that each part would be in harmony with that purpose.  
Harvel v. City of Johnston City
, 146 Ill. 2d 277, 283 (1992).  Consequently, if a statute's language is susceptible to one construction that will carry out the purpose of the statute and another construction that will defeat it, the statute will receive the former construction.  
Harvel
, 146 Ill. 2d at 284. 

With these principles in mind, we examine the statute and administrative rule at issue in this case.  Section 40 of the Act provides in pertinent part:

"Any person who served in the armed forces of the United States *** who at the time of entering service was an Illinois resident or was an Illinois resident within 6 months of entering such service, and who returned to Illinois within 6 months after leaving service or, if married to a person in continued military service stationed outside Illinois, within 6 months after his or her spouse has left service or has been stationed within Illinois, 
and who has been honorably discharged from such service
, and who possesses all necessary entrance requirements shall, except as otherwise provided in this Act, upon application and proper proof, be awarded an Illinois Veteran Grant consisting of the equivalent of 4 calendar years of full-time enrollment, including summer terms, to the State-controlled college or university or community college of his choice. ***

* * *

A grant authorized under this Section shall not be awarded to veterans who received a discharge from the armed forces of the United States under dishonorable conditions ***."  (Emphasis added.) 110 ILCS 947/40 (West 1998).

Also at issue is a rule promulgated by the Commission that states that "[a]n individual is not a qualified applicant if the individual's separation from the Armed Forces of the United States was characterized as other than honorable." 23 Ill. Adm. Code §2733.20(e) (1998).  Boylan contends that this rule is inconsistent with section 40 and is unconstitutional.

We address first section 40 of the Act.  Boylan argues that the language of that section evinces the legislature's intent to award an Illinois Veteran Grant to a person who has received a general discharge under honorable conditions.  The Commission responds that the plain language of the statute specifies that only those veterans who have been honorably discharged are eligible for an Illinois Veteran Grant.  We agree with the Commission.

Section 40 of the Act provides that an Illinois Veteran Grant shall be awarded to persons who, among other things, have been "honorably discharged" from the armed services.  An "honorable discharge" and a "general discharge under honorable conditions" are two different things.  The Department of the Navy personnel regulations define the three types of administrative discharges as follows:

"(1) 
Honorable
. A separation from the naval service with honor.  The issuance of an Honorable Discharge is contingent upon proper military behavior and performance of duty.

(2) Under Honorable Conditions (also termed General Discharge).  A separation from the naval service under honorable conditions.  
The issuance of a discharge under honorable conditions is contingent upon military behavior and performance of duty which is not sufficiently meritorious to warrant an Honorable Discharge.

(3) 
Under Other Than Honorable Conditions
 (formerly termed Undesirable Discharge).  A separation from the naval service under conditions other than honorable.  It is issued to terminate the service of a member of the naval service for one or more of the reasons/basis listed in the Naval Military Personnel Manual, Marine Corps Separation and Retirement Manual and their predecessor publications."   (Emphasis added.) 32 C.F.R.  §724.109(a) (2002).    

We conclude that section 40 of the Act is clear and unambiguous.  When setting forth the eligibility requirements for an Illinois Veteran Grant, the legislature used the term "honorably discharged" rather than "discharged under honorable conditions."  The meaning of the term "honorably discharged" is clear.  Only those armed forces personnel who perform their duties and behave properly as defined by the armed forces may be honorably discharged.  It is equally clear that an individual who receives a general discharge under honorable conditions has not been honorably discharged.  If the legislature had desired to make Illinois Veteran Grants available to those who received a general discharge under honorable conditions, it could have so specified.  

Because the two types of discharge are not equivalent, we cannot say that the plain language of the statute expresses the intent to award grants to those persons who were generally discharged under honorable conditions.  Rather, the plain language indicates an intent to limit the award of such grants to those who received honorable discharges. To hold otherwise would inappropriately enlarge the scope of the statute.

Boylan argues that the portion of section 40 that states that those persons who are discharged under dishonorable conditions shall not be awarded an Illinois Veteran Grant implies that the legislature intended to exclude only those who received discharges under dishonorable conditions.  Boylan invokes the statutory construction doctrine 
expressio unius est exclusio alterius
 as support for this contention.  Because we have concluded that the language of section 40 is clear, we do not consider other aids in construction.  Further, if we read into the statute the implication that the legislature meant to exclude from eligibility only those persons who were discharged under dishonorable conditions, we would defeat the honorable discharge requirement that is a prerequisite to receiving an Illinois Veteran Grant. The Commission's interpretation of section 40 upholds the purpose of the statute.  Therefore, we agree with the Commission and the trial court that a person who has received a general discharge under honorable conditions from the armed forces is not eligible to receive an Illinois Veteran Grant. 

In construing section 40 in this way we give substantial deference to the Commission's interpretation of the statute.  The record shows that the Commission has consistently interpreted section 40 to mean that an applicant whose discharge was other than honorable is not qualified for an Illinois Veteran Grant.  For the reasons stated, Boylan has failed to demonstrate that the Commission's interpretation of section 40 was erroneous or unreasonable.       

Plaintiff also challenges the Commission's Rule 2733.20(e) (23 Ill. Adm. Code §2733.20(e) (1998)), in which the Commission clarified its interpretation of section 40.  Rule 2733.20(e) was amended in 1998 to provide as follows:

"An individual is not a qualified applicant if the individual's separation from the Armed Forces of the United States was characterized as other than honorable."  23 Ill. Adm. Code §2733.20(e) (1998).

In the notice of the proposed rule (22 Ill. Reg. 2851 (proposed February 6, 1998)) and the notice of the adopted amendment (22 Ill. Reg. 11114 (eff. July 1, 1998)), the Commission explained that the clarification did not represent a change in policy and was implemented to make the eligibility criteria for an Illinois Veteran Grant consistent with the eligibility requirements for federal veterans' educational benefits under the Montgomery G.I. Bill-Active Duty Educational Assistance Program (38 U.S.C. §§3001 
et seq.
 (1994)).  In light of our determination that section 40 clearly expresses the intent to award Illinois Veteran Grants only to those persons who have been honorably discharged from the armed forces,  it follows that the Commission's rule is consistent with the legislature's intent and is constitutional. 

Last, we address Boylan's apparent contention that we should consider the reasons underlying his discharge from the Navy when determining whether he is eligible for an Illinois Veteran Grant.  It is not this court's function to do so.  Under section 40, only the characterization of an applicant's discharge is relevant; the reasons therefor are irrelevant and rightly so, for the Commission is not a military tribunal.  Consequently, even though Boylan may have had valid reasons for disobeying his superiors, those reasons play no part in our determination.

Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

CALLUM and KAPALA, JJ., concur.