NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5104

RAFAEL DIAZ ACEVEDO
(in the place of Rafael Diaz Colon, deceased),

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Rafael Diaz Acevedo, of Mayaguez, Puerto Rico, pro se.

Nancy M. Kim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief was Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5104

RAFAEL DIAZ ACEVEDO
(in place of Rafael Diaz Colon, deceased),

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: February 7, 2007

_____

Before GAJARSA, LINN, and MOORE, Circuit Judges.

PER CURIAM.

The petitioner, Rafael Diaz Acevedo, seeks review of a final decision of the United States Court of Federal Claims upholding the Army Board for the Correction of Military Records' ("ABCMR") decision to deny Rafael Diaz Colon disability retirement based upon Mr. Colon's alleged fraudulent enlistment in 1974 or, in the alternative, based upon Mr. Colon's Chapter 10 discharge under other than honorable conditions in 1975. Colon v. United States, 71 Fed. Cl. 473, 484 (2006). We affirm.

BACKGROUND

After having served in Vietnam from 1969 to 1970, Mr. Colon enlisted in the Army for a second time in 1974. As part of his second enlistment, he filled out a medical questionnaire in which he concealed his stay in a mental hospital prior to 1969 and his treatment for anxiety reaction in 1971. After being charged with being absent without leave during this second enlistment, Mr. Colon requested to be discharged under Chapter 10 of AR 635-200 in lieu of court-martial. In order to execute this request, Mr. Colon acknowledged that he knew he would be deprived of benefits due to the discharge under Chapter 10 of AR 635-200. The Army discharged him under other than honorable conditions in 1975.

In 1994, the Board of Veterans Affairs held that stressful events during Mr. Colon's Vietnam service were sufficient to precipitate PTSD and granted him a service connection for PTSD. Mr. Colon then sought review by the Army Discharge Review Board ("ADRB") of his 1975 discharge, and the ADRB changed the characterization of his 1975 discharge to under honorable conditions. Since the characterization of his 1975 discharge had been upgraded, Mr. Colon applied to the ABCMR requesting disability retirement for his second enlistment. In 1998, the ABCMR rejected Mr. Colon's application and denied him disability retirement for the following two reasons:

1. The applicant fraudulently enlisted on 30 July 1974, having concealed his treatment for a mental condition. The Board will not condone such misconduct by granting the applicant a medical retirement for the same disqualifying information he concealed.

2. However, even if the fraudulent enlistment hadn't occurred, the applicant was precluded from being processed for a medical retirement

2006-5104                                                    2

due to the fact that he was being processed for a separation which resulted in an . . . other than honorable discharge.

Mr. Colon appealed the ABCMR's denial of disability retirement for his second enlistment to the Court of Federal Claims. On the government's motion and Mr. Colon's cross-motion for judgment upon the administrative record, the Court of Federal Claims found that the ABCMR's decision was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. <u>Colon</u>, 71 Fed. Cl. at 486.

## DISCUSSION

This court has jurisdiction over this appeal based on 28 U.S.C. §§ 2522 and 1295(a)(3). The Court of Federal Claims is required to make factual findings under Court of Federal Claims Rule ("RCFC") 52.1[1] from the record as if it were conducting a trial on the record. See <u>Bannum, Inc. v. United States</u>, 404 F.3d 1346, 1355-57 (Fed. Cir. 2005) (holding that, under RCFC 56.1, summary judgment standards are not pertinent to judicial review upon an administrative record). This court reviews the Court of Federal Claims' factual determination on fraudulent enlistment in a judgment on the administrative record under RCFC 52.1 for clear error. RCFC 52(a). See <u>Bannum, Inc.</u>, 404 F.3d at 1357.

Based on the administrative record, the Court of Federal Claims reasonably concluded that in 1974 Mr. Colon fraudulently enlisted under Army Regulation ("AR") 635-200 § 14-5 (1973). The record indicated that Mr. Colon had visited a hospital in 1971 for the purpose of diagnosis, treatment and medication (Stelazine and Mellaril), and one of Mr. Colon's experts, Dr. Wilson, stated in the record that Mr. Colon "could

---

[1]     RCFC 52.1, as recently amended, abrogates and replaces RCFC 56.1. RCFC 52.1 now incorporates the reasoning of <u>Bannum, Inc. v. United States</u>, 404 F.3d 1346 (Fed. Cir. 2005). RCFC 52.1, Rules Committee Note (June 20, 2006).

not manage without the help of medical assistance and medication." Yet, the record also shows Mr. Colon concealed his stay in a mental hospital prior to 1969 and the medication and treatment he received prior to 1974. The factual determination of whether Mr. Colon had a purpose to obtain benefits when he concealed his medical defect would require fact finding beyond the administrative record. Since the motion was for a judgment on the administrative record and not one for summary judgment, the Court of Federal Claims properly based its decision only on the administrative record, which reasonably indicated that Mr. Colon fraudulently enlisted.

According to AR 635-40 § 1-2.e (1975), "[n]o enlisted member [could] be referred for physical disability processing when action ha[d] been or w[ould] be taken to separate him for misconduct under Chapter 14, AR 635-200." Since Chapter 14, AR 635-200 defines such misconduct to include fraudulent entry, Mr. Colon could have been denied benefits for his fraudulent entry in 1974. Also, because Mr. Colon could have been denied disability benefits due to his fraudulent entry, it is irrelevant that his discharge was upgraded to under honorable conditions. Therefore, the decision of the Court of Federal Claims to deny Mr. Colon disability retirement due to his fraudulent entry was not clearly erroneous.

CONCLUSION

For the foregoing reasons, the Court of Federal Claims properly upheld the ABCMR's decision to deny Mr. Colon disability benefits. We therefore affirm the judgment of the Court of Federal Claims.

No costs.