**Serfin AMOS, Plaintiff,**

v.

**McNAIRY COUNTY, TENNESSEE and McNairy County Sheriff's Department, Defendants.**

**No. 11–1314.**

United States District Court, W.D. Tennessee, Eastern Division.

Signed May 16, 2014.

Charles H. Barnett, III, Courtney Spears Reedy, Lewis L. Cobb, Jr., Sara Barnett, Teresa A. Luna, Spragins Barnett & Cobb, PLC, Jackson, TN, for Plaintiff.

James I. Pentecost, Brittani Carol Kendrick, Jon A. York, Pentecost Glenn & Rudd, PLLC, Jackson, TN, for Defendants.

## ORDER VACATING IN PART JANUARY 28, 2014 ORDER ON SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT ON RETALIATION CLAIM

J. DANIEL BREEN, Chief Judge.

In an order entered January 28, 2014, 997 F.Supp.2d 889, 2014 WL 317797, this Court denied the motion of Defendant, McNairy County, Tennessee (the "County"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claim of the Plaintiff, Serfin Amos, for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The remainder of the motion was granted. At the pretrial conference, the Court determined it necessary to revisit the retaliation issue. Upon reconsideration, the Court finds that summary judgment should be granted on the remaining claim.

 Rule 56 provides in pertinent part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "To survive summary judgment, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Pucci v. Nineteenth Dist. Ct.,* 628 F.3d 752, 759–60 (6th Cir.2010) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)) (internal quotation marks omitted). "A genuine issue of material fact exists if a reasonable juror could return a verdict for the nonmoving party." *Id.* at 759 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Bobo v. United Parcel Serv., Inc.,* 665 F.3d 741, 748 (6th Cir.2012) (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505). "Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *In re Morris,* 260 F.3d 654, 665 (6th Cir.2001) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (internal quotation marks omitted).

 As the Court noted in its January 28, 2014 order,

Title VII ... prohibits employers from "discriminat[ing] against any individual ... because he has opposed any practice made an unlawful employment practice by [the statute], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the statute]." 42 U.S.C. § 2000e–3(a). The prima facie case is established by showing that (1) the plaintiff "engaged in a protected activity under Title VII";

(2) plaintiff's "protected activity was known to" the employer; (3) the defendant took adverse employment action against the plaintiff; and (4) "there was a causal connection between the adverse employment action and the protected activity." *Nicholson,* 530 Fed.Appx. at 446. "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* —— U.S. ——, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013). Stated differently, Title VII "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533. "At the prima facie stage of the litigation, ... the burden upon the plaintiff is minimal.... All that is required of plaintiff at the prima facie stage is to demonstrate that [he] has a case, that the evidence is on [his] side." *Brown v. Lexington–Fayette Urban Gov't,* 483 Fed.Appx. 221, 225 (6th Cir.2012) (internal citations, alterations & quotation marks omitted).

Filing an EEOC charge constitutes protected activity. *Strouss v. Mich. Dep't of Corr.,* 250 F.3d 336, 342 (6th Cir.2001). It is undisputed that the Defendant was aware of the EEOC filing. Termination qualifies as an adverse employment action. *Latowski v. Northwoods Nursing Ctr.,* 549 Fed.Appx. 478, 483–84 (6th Cir.2013). Therefore, the Plaintiff has demonstrated the first three elements of the prima facie case.

Disagreement between the parties focuses on the fourth element—causation. Defendant argues that Plaintiff has failed to establish a causal connection between his termination and the EEOC charge. In addition to the undisputed facts set forth above, Amos submits the deposition testimony of Strickland, who stated that all the searches using the TLO.com service were completed on the same day—presumably the day after the EEOC inspection—and that Plaintiff's background search was done by Buck personally. (D.E. 127–6 at 4, 6.) He also recalled that Plaintiff's background report was the only one printed. (*Id.* at 5–6.)

(D.E. 148 at 19–21, 997 F.Supp.2d at 904.) The Court found the Plaintiff had cleared the rather low bar of showing a prima facie case of retaliation. *See Spengler v. Worthington Cylinders,* 514 F.Supp.2d 1011, 1022 (S.D.Ohio 2007) (the showing required of a plaintiff in an employment case at the prima facie stage is low and minimal).

 The Court further stated:

A retaliation claim is analyzed using the same *McDonnell Douglas* burden-shifting paradigm applied to discrimination claims. *Fuhr v. Hazel Park Sch. Dist.,* 710 F.3d 668, 673–74 (6th Cir. 2013), *reh'g denied* (Apr. 12, 2013); see also *Nicholson,* 530 Fed.Appx. at 446–47. That is, upon demonstration of a prima facie case of retaliation, "a presumption of unlawful retaliation arises and the burden of production shifts to the defendant to rebut the presumption by articulating some legitimate, nondiscriminatory reason for its action." *Fuhr,* 710 F.3d at 674 (citing *Spengler v. Worthington Cylinders,* 615 F.3d 481, 492 (6th Cir.2010)) (internal quotation marks omitted). The County submits as its legitimate, nondiscriminatory reason Amos's failure to complete his personnel file in a satisfactory manner as well as his inability to do so, as the information received by the Sheriff's Department revealed that he did not qualify for a corrections officer position under Tennessee law.

"If a defendant successfully produces ... a legitimate reason, then the burden of production returns to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was a mere pretext for discrimination." *Id.* at 675. "[A] plaintiff can show pretext in three interrelated ways: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that they were insufficient to motivate the employer's action." *Tingle v. Arbors at Hilliard,* 692 F.3d 523, 530 (6th Cir.2012). These categories are, however, nothing "more than a convenient way of marshaling evidence and focusing it on the ultimate inquiry: did the employer fire the employee for the stated reason or not?" *Id.* (internal quotation marks omitted). "[A]t bottom the question is always whether the employer made up its stated reason to conceal intentional retaliation." *Id.* (internal alteration omitted).

(D.E. 148 at 21–22, 997 F.Supp.2d at 904–05.)

▮ In its motion for summary judgment, the County identified as its legitimate nondiscriminatory reasons for terminating Amos the existence of an active warrant in Phoenix, Arizona[1] and his failure to produce evidence pursuant to the sheriff's request of proof of an honorable discharge from the military. Amos was discharged "under honorable conditions."[2] He argued that the Defendant's proffered reason with respect to the discharge was pretextual because a discharge "under honorable conditions" is an "honorable discharge." In support of his position, Amos submitted to the Court excerpts from the Civil Service Retirement System and Federal Employee Retirement System Handbook, which provided that "[h]onorable military service means service that was terminated under honorable conditions." (D.E. 125–4 at 1.) In addition, the handbook listed the types of separations from military service that are "honorable," including those "under honorable conditions." (*Id.* at 2.)

Based on the rather scant argument of the parties on this issue in the summary judgment briefs and the question as to what constituted honorable discharge, the Court was disinclined to grant summary judgment in favor of the Defendant on the retaliation claim. At the pretrial conference, however, the Defendant offered evidence for the first time, as well as more extensive argument, in support of the view that a discharge under honorable conditions is not an honorable discharge. Accordingly, the Court permitted the parties to submit supplemental briefs on the issue. Those briefs are now before the Court.

Tennessee Code Annotated § 41–4–144 mandates that "any person employed as a ... jailer, corrections officer or guard in a county jail ... shall[, among other things], [n]ot have been released or discharged under *any other than honorable discharge* from any of the armed forces of the United States; ..." Tenn.Code Ann. § 41–4–144(a)(5) (emphasis added). The statute further provides that

[a]ny person who appoints any applicant who, to the knowledge of the appointor, fails to meet the minimum qualifications as set forth in subsection (a), and any person who signs the warrant or check for the payment of the salary of any person who, to the knowledge of the signer, fails to meet the minimum quali-

---

1. The Court will not reconsider this proffered reason for Plaintiff's discharge.

2. According to the evidence presented, the discharge was based on unsatisfactory performance.

fications as set forth in this section, commits a Class A misdemeanor and upon conviction shall be subject to a fine not exceeding one thousand dollars ($1,000). Tenn.Code Ann. § 41–4–144(b)(2). Thus, under the state statute which controls the hiring of certain employees at the McNairy County jail, including Amos, there are specific restrictions on who can be employed which are enforced by the potential imposition of criminal sanctions on those who hire unqualified applicants.

 In its original order, the Court concluded that there existed a genuine issue of material fact on the issue of pretext based on the evidence and arguments before it at the time. Even where a plaintiff has established pretext under the *McDonnell Douglas* analysis, a defendant may nonetheless be entitled to summary judgment based on the "honest belief" rule.[3] *Shazor v. Prof'l Transit Mgmt., Ltd.,* 744 F.3d 948, 960 (6th Cir.2014), *reh'g en banc denied* (Apr. 21, 2014). "If the employer had an honest belief in the proffered basis for the adverse employment action, and that belief arose from reasonable reliance on the particularized facts before the employer when it made the decision, the asserted reason will not be deemed pretextual even if it was erroneous." *Id.* (quoting *Upshaw v. Ford Motor Co.,* 576 F.3d 576, 586 (6th Cir.2009)). "The key inquiry in assessing whether an employer holds such an honest belief is whether the employer made a reasonably informed and considered decision before taking the complained-of action." *Id.* (citing *Sybrandt v. Home Depot, U.S.A., Inc.,* 560 F.3d 553, 559 (6th Cir.2009)). "The employer certainly must point to particularized facts upon which it reasonably relied. But

[courts] do not require that the decisional process used by the employer be optimal or that it left no stone unturned." *Tingle,* 692 F.3d at 531 (internal quotation marks omitted). If the employer honestly believed in its proffered nondiscriminatory reason, the employee "cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect." *Marsh v. E. Associated Estates Realty,* 521 Fed.Appx. 460, 468 (6th Cir. 2013) (quoting *Majewski v. Automatic Data Processing, Inc.,* 274 F.3d 1106, 1117 (6th Cir.2001)). Stated differently, the employer's reasons do not have to be "right" and may even be "foolish, trivial, or baseless"; they must only be "honest." *Tibbs v. Calvary United Methodist Church,* 505 Fed.Appx. 508, 513–14 (6th Cir.2012). At the other end of the spectrum, "[w]here the defendant made an error too obvious to be unintentional, a factfinder may infer that it had an unlawful motive for doing so." *Rhoades v. Standard Parking Corp.,* 559 Fed.Appx. 500, 507, 2014 WL 1243788, at *6 (6th Cir. Mar. 27, 2014) (citing *A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.,* 711 F.3d 687, 705 (6th Cir.2013)) (internal quotation marks omitted).

The Tennessee statute is, regretfully, not a model of clarity. The parties expend much energy arguing over whether the statute actually means that only those with an honorable discharge may work as jail employees, or whether something else, such as a discharge under honorable conditions, will suffice. They also take opposing positions, citing cases and various other materials, on whether a discharge under honorable conditions is, or is not, an honorable discharge.[4] The Court need not wade

---

**3.** The honest belief rule was not raised by the County in its motion for summary judgment.

**4.** In support of his position, Amos directs the Court's attention to the State of Tennessee's website, which sets out the requirements for correctional officer positions. Specifically,

into that quagmire. Nor is it necessary for purposes of deciding this case for the Court to construe, as a matter of law, the meaning of the Tennessee statute.

The evidence reflects that Buck interpreted the statute as requiring a jail employee to have been honorably discharged, period. He further claimed in his deposition that he sought out the local Veterans Administration representative, who confirmed his interpretation of the statute. (*See* D.E. 126–2 at 26–27.) Amos has offered no evidence to the contrary.

The notion that a discharge under honorable conditions is not an "honorable discharge" is hardly a novel one. The Federal Court of Claims has explained the types of military discharges thusly:

> A soldier's discharge may take one of five forms. An honorable discharge is appropriate when the quality of the soldier's service generally has met the standards of acceptable conduct and performance of duty for Army personnel or is otherwise so meritorious that any other characterization would be clearly inappropriate. A general discharge is a separation from the Army under honorable conditions and is issued to a soldier whose military record is satisfactory but not sufficiently meritorious to warrant an honorable discharge. A discharge under other than honorable conditions may be issued for misconduct, fraudulent entry, homosexual conduct, security reasons, or in lieu of trial by court martial. Finally, a bad conduct discharge will only be assigned pursuant to an approved sentence of a general or special court-martial, and a dishonorable discharge will only be assigned to a soldier pursuant to an approved sentence of a general court-martial.

*Colon v. United States,* 71 Fed.Cl. 473, 476 n. 3 (Fed.Cl.2006) (internal citations, quotation marks & alterations omitted), *aff'd Acevedo v. United States,* 216 Fed.Appx. 977 (Fed.Cir.2007). "A discharge under honorable conditions is warranted when significant negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military record ..." *Roll v. United States*

---

the website indicates that, in order to qualify as a correctional officer, an applicant must, among other things, "have no conviction for a felony or have been discharged under any other than honorable conditions from any branch of the United States armed forces." http://agency.governmentjobs.com/tennessee. This requirement, however, applies to officers who are employed by the State of Tennessee. Amos, on the other hand, was employed by McNairy County. He has offered no evidence to suggest that this requirement governs the position at issue in this case.

Plaintiff also points, as he did in response to the motion for summary judgment, to the federal Civil Service Retirement System and Federal Employee Retirement System Handbook, which provides, in a section entitled "Creditable Military Service" under the Civil Service Retirement System, that "[a]n honorable discharge means any separation from active duty in the armed forces under honorable conditions ... [including a] [g]eneral discharge ... under [h]onorable [c]onditions ..." (D.E. 125–4.) As noted, the cited language applies to retirees from the military and the categories of discharge which may permit them to receive federal benefits. Again, Plaintiff has presented no proof to indicate these definitions have any application to the requirements for his position at a Tennessee county jail.

In addition, the Plaintiff has provided to the Court the April 9, 2014 affidavit of Jerry Cooper, the apparent sponsor of the statute at issue, in which he explained the intent of the section. However, no official written or oral legislative history concerning the bill at the time of its passage has been provided to the Court and there is no indication Buck would have been able to access that information even if he had searched for it. Nothing in Cooper's affidavit suggests that Buck's interpretation of the statute was not based on honest belief.

*Postal Serv.*, 78 Fed.Appx. 121, 122 (Fed. Cir.2003) (per curiam) (internal quotation marks omitted). Such a discharge is considered "less than honorable." *Nelson v. Shinseki*, No. 10–2665, 2011 WL 5921550, at *3 (Vet.App. Nov. 29, 2011).

In addition, an Illinois appellate court found that a state statute granting eligibility for veteran grants for those honorably discharged did not extend to veterans discharged under honorable conditions as the two types of discharge were not equivalent. *See Boylan v. Matejka*, 331 Ill. App.3d 96, 264 Ill.Dec. 570, 770 N.E.2d 1266, 1269–70 (2002), *app. denied* 201 Ill.2d 561, 271 Ill.Dec. 923, 786 N.E.2d 181 (2002). In doing so, the court stated that "[i]t is ... clear that an individual who receives a general discharge under honorable conditions has not been honorably discharged." *Id.*, 264 Ill.Dec. 570, 770 N.E.2d at 1270.

The Court finds that the County has shown an honest belief in its proffered nondiscriminatory reason that Amos did not have the necessary qualifications for employment. The reasonableness of the sheriff's reading of the statute is bolstered by his knowledge that his failure to comply with its terms could result in the imposition of a fine. While the Plaintiff insists that Buck's interpretation of the statutory requirements was wrong, and it may well have been, he has not shown the sheriff's belief was not *honestly held*. Therefore, as he has not refuted the County's honest belief, Plaintiff's retaliation claim must fail. *See Tibbs*, 505 Fed.Appx. at 513–14 (summary judgment appropriate where plaintiff failed to bear his burden to "demonstrate that the employer's belief was not honestly held").

For the reasons articulated herein, on reconsideration, the Court's January 28, 2014 order is hereby VACATED with respect to its finding on the Plaintiff's retaliation claim. Defendant's motion for summary judgment thereon is GRANTED and this matter is DISMISSED in its entirety.